UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALGAECAL INC., ) | |
| ) | Judge: |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No.: 1:25-cv-346 |
| OCEANESSENCE NUTRITION INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES Plaintiff AlgaeCal Inc. ("AlgaeCal") and for its Complaint against Defendant OceanEssence Nutrition Inc. ("Ocean Essence" or "Defendant") alleges as follows:

1. This is a civil action for damages and injunctive relief arising out of Defendant's false advertising, unfair competition, and deceptive business practices related to its algae supplement products. As set forth below, Ocean Essence's unlawful acts constitute false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as violations of the Illinois Uniform Deceptive Trade Practices Act and Illinois Consumer Fraud and Deceptive Business Practices Act under state law.

2. For over two decades, Plaintiff AlgaeCal has offered for sale the only algae-based calcium supplement that is clinically supported to show increased bone density in adults. In an attempt to free-ride on the reputation and success of AlgaeCal, Ocean Essence has attempted to copy AlgaeCal's business, including but not limited to falsely and misleadingly advertising its own algae-based calcium supplement as increasing bone density, when in reality its claims are not supported by scientific research and, in fact, are contradicted by the one scientific study performed on its primary ingredient. Ocean Essence further makes direct false and misleading comparative

claims to AlgaeCal's products on a fake review site sponsored by Ocean Essence, deceiving consumers into believing that AlgaeCal's products are inferior to Ocean Essence, when that claim is false. Upon launching its competing business, Ocean Essence falsely claimed the source of its algae was the same as AlgaeCal's exclusive ingredient, when it did not in fact use the same ingredient. And, on information and belief, Ocean Essence at least initially used fake customer reviews to deceive consumers regarding the quality and effectiveness of its products.

3. AlgaeCal has been harmed and, unless this Court enjoins Defendant from its unlawful acts, AlgaeCal will continue to be harmed by Defendant's false and deceptive unlawful activities.

## THE PARTIES

4. Plaintiff AlgaeCal Inc. is a Canadian corporation with a business address located at 1128 Homer Street, 300, Vancouver, British Columbia V6B 2X6, CA.

5. On information and belief, Defendant OceanEssence Nutrition Inc. is a Canadian corporation with a business address located at 404 3A Street NW, Cranbrook, British Columbia V1C6T7, CA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the federal false advertising and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

7. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state law pursuant to 28 U.S.C § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Upon information and belief, Defendant has engaged in minimum contacts with the

state of Illinois such that it should reasonably anticipate being haled into court in Illinois. On information and belief, Defendant has, among other activities, advertised, offered for sale, and engaged in sales of products to consumers in Illinois, which actions have directly harmed Plaintiff. Defendant's website, myoceanessence.com, specifically allows consumers from the United States and Illinois to purchase products. Defendant similarly promotes and sells its product nationally and to persons in Illinois at least on the Amazon marketplace, other e-commerce websites, and through social media. Defendant has otherwise availed itself of the privileges and protections of the laws of the State of Illinois, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

9. Alternatively, jurisdiction is proper under Fed. R. Civ. P. 4(k)(2) as, on information and belief, the Canadian Defendant is not subject to any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(3) because the Canadian Defendant is subject to the Court's personal jurisdiction in this District.

## FACTUAL BACKGROUND

### AlgaeCal

11. For over two decades, Plaintiff AlgaeCal has offered for sale the only calcium supplements that are clinically supported to show increased bone density.

12. AlgaeCal's calcium supplements' calcium source is Lithothamnium Superpositum, the only algae clinically shown to increase bone mineral density. Moreover, AlgaeCal holds the worldwide exclusive rights to supply calcium powder derived from this species of algae.

13. An example of AlgaeCal's calcium supplement products is as follows:



14. Furthermore, AlgaeCal's advertising reflects its unique offering of the only calcium supplements that can stop bone loss and increase bone density, for example as follows:





4

15. AlgaeCal has invested substantial amounts in clinical research to be able to advertise and market its products as increasing bone density and to build the fame, reputation, and goodwill of its brand. Three published studies show various AlgaeCal formulations increase bone density even in older adults.

16. AlgaeCal has promoted its calcium supplement products extensively throughout the United States, including through its own website, located at algaecal.com, and its Amazon store. In addition, AlgaeCal actively promotes its products on the AlgaeCal Facebook page (@algaecal), YouTube (@algaecalcalcium), and Instagram (@algaecal), as well as on other platforms such as Google Shopping.

17. AlgaeCal has attained substantial sales of products in Illinois and the United States.

**Defendant's Business and False Advertising Activities**

18. From March 2022 through September 2023, AlgaeCal employed Danielle Cardozo as a Research & Development Chef, and she also acted as a personal chef for AlgaeCal's founder. In that position, Ms. Cardozo had access to AlgaeCal's internal information, product formulas, sales figures, and business strategies. She also worked closely with AlgaeCal's marketing team to create a series of bone-health-focused recipes and community engagement content.

19. On information and belief, Ms. Cardozo and her former boyfriend, Garold Gipman, set out to create a competing business based on the information and business strategies Ms. Cardozo learned while employed by AlgaeCal.

20. On information and belief, prior to establishing Ocean Essence, Mr. Gipman was the owner of a cabinetry business, Archdesign Cabinetry, which bore no similarity to a supplement business.

21. Nevertheless, Mr. Gipman, along with Andrew Lamb and Chriss Murray, co-

founded Ocean Essence in or around 2024.

22. In September 2024, AlgaeCal learned that Ocean Essence had launched a business and was mimicking AlgaeCal's marketing and advertising, as well as making false representations regarding Ocean Essence's product and false and misleading representations regarding AlgaeCal's products.

23. Ocean Essence offers an algae-based calcium supplement, attempting to mimic AlgaeCal's formulations and marketing claims, for example as shown below:



24. When Ocean Essence initially launched, its website falsely claimed that its product contained the clinically-studied algae Lithothamnium Superpositum—the algae exclusive to AlgaeCal, and the only algae proven to increase bone mineral density:



25. However, in reality, the Ocean Essence product contains Lithothamnion sp. (Aquamin™), a red marine algae sourced from Iceland, which lacks clinical support showing that

this algae type increases bone density.

26. In fact, the only study that was performed with Aquamin™, while indicating that there was less bone density loss compared to a placebo, nevertheless showed participants losing bone density, not gaining it. *See* https://aquamin.com/sciences/slevin-et-al-2014/.

27. Despite this, Ocean Essence has adopted key elements of AlgaeCal's marketing, including its central claim, "Increase Bone Density," when that claim is not supported for Aquamin™ by the study cited by Ocean Essence. Examples of Ocean Essence's claims are shown below:





28. Furthermore, on information and belief, Defendant initially used fake reviews to mislead consumers regarding the effectiveness of its products. Indeed, soon after it began selling products, the Ocean Essence website contained reviews that pre-dated Ocean Essence's existence as a company. For example, the below review, dated July of 2023 – at least half a year prior to

Ocean Essence's launch – reads, "Both my mother and grandmother struggled with osteoporosis, so I was determined to find a good bone health supplement. I was taking calcium pills until I saw an ad on Facebook for OceanEssence. I haven't had a Dexa scan yet, but I feel confident being proactive about my bone health."



29. The FTC Chair, Lina Khan has said, "[f]ake reviews not only waste people's time and money, but also pollute the marketplace and divert business away from honest competitors." Generating fake reviews is expressly prohibited by the FTC's Final Rule, 16 CFR 465: Trade Regulation Rule on the Use of Consumer Reviews and Testimonials.

30. Ocean Essence's deceptive claims are material to its target consumers. Alleged customer comments on Ocean Essence's website highlight the purchase of its products to assist with osteoporosis and to increase bone density. Consider the following example:



31. In addition, Ocean Essence owns and operates a misleading fake review website,

8

https://wellnessproductguide.com/ (the "Wellness Product Guide website"), purporting to provide an independent comparison of different algae-based calcium supplements on the market.

32. However, in reality, the Wellness Product Guide website provides false and misleading information regarding Ocean Essence's and AlgaeCal's products.

33. The Wellness Product Guide website displays an advertisement article titled, "2024's Top Algae-Based Bone Building Supplements - Tested & Ranked For Stronger Bones."

34. The article ranks algae-based calcium supplements based on purported testing and includes false and misleading "Pros" and "Cons," naming Ocean Essence's product the "Best Overall Algae-Based Supplement."



35. For "Bone Density Improvement," the Wellness Product Guide website ranks Ocean Essence with an "A+" and lists its first two "Pros" as: "Best results in supporting overall bone health and helping maintain bone density, which is essential for reducing the risk of conditions like osteoporosis" and "Made from Aquamin™ (sourced from a unique kind of red marine algae from the coast of Iceland) and Ocean Essence contains all the 9 necessary ingredients for bone development."

9

| Bone Density Improvement: A+ | |
|---|---|
| **Pros:** | **Cons:** |
| Best results in supporting overall bone health and helping maintain bone density, which is essential for reducing the risk of conditions like osteoporosis. | Only available through online channels. |
| Made from Aquamin™ (sourced from a unique kind of red marine algae from the coast of Iceland) and Ocean Essence contains all the 9 necessary ingredients for bone development. | Currently only available in the US Market |
| Shows results even for people above 40. | Usually, out of stock due to high demand. |

36. However, Ocean Essence's product with Aquamin™ has not been shown to increase bone density, or stop bone loss in adults, and certainly not based on "results" from a comparison to AlgaeCal.

37. Regarding AlgaeCal, the Wellness Product Guide website names it "Best Runner Up" and gives its "Bone Density Improvement" rank a "B+," despite the fact that only AlgaeCal's product has been shown to stop bone loss and increase bone density, making it the provably superior product.

38. Moreover, the Wellness Product Guide claims a "Con" is that AlgaeCal is "very expensive compared to OceanEssence" and expressly claims that AlgaeCal is 34% more expensive than Ocean Essence.

| Bone Density Improvement: B+ | |
|---|---|
| **Pros:** | **Cons:** |
| Good results in improving bone density & maintaining bone health. | Very expensive compared to OceanEssence |
| Focused on all-natural ingredients. | Contains less Vitamin C & Boron in less quantity than other brands |
| Limited clinical studies as proof of its efficacy | |

Honestly, it's not that AlgaeCal was bad. It was just the fact that OceanEssence outshined AlgaeCal in every department.

Overall, AlgaeCal is also very good for increasing bone density & reversing osteoporosis.

The brand has some merit to with a couple of clinical studies backing it up & some good social proof on its website.

However, it's worth noting that it is 34% more expensive compared to OceanEssence. And contains less amount of Vitamin C & Boron ingredients. While it's not a match for OceanEssence, it's still very impressive on its own. And it's worth checking out.

10

39. However, a one-month supply of Ocean Essence's Total Bone Support Product is sold for $59.00 on the www.myoceanessence.com website, the same as a one-month supply of AlgaeCal Plus sold on AlgaeCal's website. AlgaeCal is not aware of any product priced 34% higher than the Ocean Essence product.

40. Moreover, Ocean Essence claims to be a superior product to AlgaeCal, stating it "outshine[s] AlgaeCal in every department," despite having no clinical support for its comparative claims.

41. Ocean Essence has further used AlgaeCal's registered trademarks to purchase advertising keywords to direct consumers to deceptive sponsored advertisements and to direct consumers to Ocean Essence's fake review website. An example of Ocean Essence's misleading advertising is as follows, showing that when "algaecal" is typed into the Google search bar, the first Sponsored result that appears is for the Wellness Product Guide website:



42. Ocean Essence's false claims, history of fake reviews, and false and misleading comparisons to AlgaeCal mislead consumers into believing that the Defendant's product can stop bone density loss, improve bone density, and that Ocean Essence's product is superior to AlgaeCal's clinically supported product, unfairly diverting business away from AlgaeCal.

43. Defendant's false advertising and unfair conduct provide an unlawful competitive advantage to Defendant at AlgaeCal's expense, diverting sales from AlgaeCal and causing damage to AlgaeCal's reputation and goodwill.

44. Consequently, it is clear that Defendant has engaged in and continues to engage in such illegal actions as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to AlgaeCal's rights, or in bad faith, for the purpose of diverting sales from AlgaeCal to Ocean Essence.

45. Through these actions, Defendant has, among other things, willfully and in bad faith committed the following, all of which have caused and will continue to cause irreparable harm to AlgaeCal: engaged in false advertising, unfair competition, and deceptive trade practices, and unfairly profited from such activities at AlgaeCal's expense.

46. Unless enjoined, Defendant will continue to cause damage and irreparable harm to Plaintiff.

## COUNT I
## FALSE ADVERTISING
### (15 U.S.C. § 1125(a))

47. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

48. Defendant Ocean Essence has made numerous false and misleading representations of fact in its advertising.

49. These false and misleading representations include, but are not limited to, Defendant's claims that its product increases bone density, that its product stops bone density loss, and that such false claims are supported by clinical studies.

50. Defendant has further made false and misleading representations regarding the superiority of Defendant's products, including *inter alia* that Defendant's products are superior "in every department" to AlgaeCal's products.

51. On information and belief, Defendant's false statements have deceived, and have

the tendency to deceive, a substantial segment of its audience.

52. Indeed, consumers of calcium supplements to prevent bone loss or increase bone density tend to be older consumers who may be particularly vulnerable to false and misleading claims.

53. Furthermore, Defendant's deception is material, as its false claims concern the primary reason why a consumer would be interested in purchasing a calcium supplement.

54. Defendant's actions constitute willful and deliberate use in commerce of false and misleading advertisements that have harmed and will continue to harm Plaintiff through diversion of sales and the loss of goodwill of AlgaeCal's products. As a direct and proximate result of Defendant's false advertising, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill, and Defendant has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

55. Defendant's actions have irreparably damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless enjoined, Defendant will continue making false and misleading representations, further injuring Plaintiff and the public.

## COUNT II
## FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

56. Plaintiff restates and re-alleges each of the foregoing paragraphs of the Complaint as if fully set forth herein.

57. Defendant, by reason of its false advertising and the other actions complained of *supra*, has engaged in unfair competition.

58. Further, on information and belief, Defendant has used fake reviews to further divert trade to its products and away from AlgaeCal's products.

59. And, on information and belief, Defendant has used AlgaeCal's registered trademark to divert consumers.

60. The actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition in violation of 15 U.S.C. § 1125(a).

61. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

62. Defendant's actions have irreparably damaged AlgaeCal, and AlgaeCal has no adequate remedy at law. Unless enjoined, Defendant will continue its unfair practices, further injuring AlgaeCal and the public.

## COUNT III
## DECEPTIVE TRADE PRACTICES
**(Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/2)**

63. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

64. Defendant Ocean Essence has made numerous false and misleading representations of fact in its advertising.

65. These false and misleading representations include, but are not limited to, Defendant's claims that its product increases bone density, that its product stops bone density loss, and that such false claims are supported by clinical studies.

66. Defendant has further made false and misleading representations regarding the superiority of Defendant's products, including *inter alia* that Defendant's products are superior "in every department" to AlgaeCal's products.

67. On information and belief, Defendant's false statements have deceived, and have

the tendency to deceive, a substantial segment of its audience.

68. Indeed, consumers of calcium supplements to prevent bone loss or increase bone density tend to be older consumers who may be particularly vulnerable to false and misleading claims.

69. Furthermore, Defendant's deception is material, as its false claims concern the primary reason why a consumer would be interested in purchasing a calcium supplement.

70. Defendant's actions constitute willful and deliberate use in commerce of false and misleading advertisements that have harmed and will continue to harm Plaintiff through diversion of sales and the loss of goodwill of AlgaeCal's products.

71. As a direct and proximate result of Defendant's false advertising, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendant has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

72. Defendant's actions have irreparably damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless enjoined, Defendant will continue making false and misleading representations, further injuring Plaintiff and the public.

### COUNT IV
### UNFAIR TRADE PRACTICES AND UNFAIR COMPETITION
**(Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/2)**

73. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

74. Defendant has used and/or employed deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression and/or the omission of material facts with the intention that consumers rely on such concealment, suppression and/or omission of material

fact in the conduct of trade and/or commerce.

75. Defendant's conduct directly implicates consumer protection concerns, as it is deceiving consumers into believing that its product is increasing bone density or stopping bone loss when there is no evidence supporting those claims, and in fact its cited study regarding Aquamin shows that Defendant's claims are false.

76. Defendant's actions constitute willful and deliberate use in commerce of false and misleading advertisements that have harmed and will continue to harm Plaintiff through diversion of sales and the loss of goodwill of AlgaeCal's products. As a direct and proximate result of Defendant's false advertising, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendant has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

77. Defendant's actions have irreparably damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless enjoined, Defendant will continue making false and misleading representations, further injuring Plaintiff and the public.

## PRAYER FOR RELIEF

**WHEREFORE,** in consideration of the foregoing, Plaintiff AlgaeCal, Inc. requests that this Court enter an Order granting it the following relief:

A. Entering a judgment that Defendant has engaged in false advertising in violation of 15 U.S.C. § 1125;

B. Entering a judgment that Defendant's false and deceptive practices constitutes unfair competition in violation of 15 U.S.C. § 1125(a);

C. Entering a judgment that Defendants' false and deceptive practices constitute deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act;

D. Entering a judgment that Defendants' false and deceptive practices constitute unfair trade practices and unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act;

F. Permanently enjoining and restraining Defendant and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from making false claims regarding the effectiveness of Defendant's products that its product increases bone density, that its product stops bone density loss, and that such claims are supported by clinical studies and/or making false claims regarding the superiority of Defendant's products compared to Plaintiff's products;

I. Permanently enjoining Defendant from utilizing or causing to be used a fake review website for Defendant's products in connection with ecommerce websites and websites owned by Defendant and/or publishing fake consumer reviews;

J. Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

K. Awarding Plaintiff all damages it sustained as the result of Defendant's acts of false advertising and unfair competition, including but not limited to prospective corrective advertising costs, said amount to be trebled pursuant to 15 U.S.C. § 1117;

L. Awarding to Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional false and deceptive actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

M. Awarding Plaintiff its reasonable attorneys' fees pursuant to federal and state statute;

N. Awarding Plaintiff costs of suit, prejudgment and post judgment interest; and

O. Granting Plaintiff such other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure for all matters so triable.

Dated: January 13, 2025　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　By: *s/Manon Burns*
　　　　　　　　　　　　　　　　　　　　　　　George R. Spatz
　　　　　　　　　　　　　　　　　　　　　　　Manon Burns,
　　　　　　　　　　　　　　　　　　　　　　　AMIN WASSERMAN GURNANI, LLP
　　　　　　　　　　　　　　　　　　　　　　　230 W. Monroe Street
　　　　　　　　　　　　　　　　　　　　　　　Suite 1405
　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　　　T: (312) 466-1033
　　　　　　　　　　　　　　　　　　　　　　　F: (312) 884-7352
　　　　　　　　　　　　　　　　　　　　　　　gspatz@awglaw.com
　　　　　　　　　　　　　　　　　　　　　　　mburns@awglaw.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*