**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ALGAECAL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:25-cv-346 |
| | ) | |
| OCEANESSENCE NUTRITION INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**DEFENDANT OCEAN ESSENCE NUTRITION INC.'S ANSWER, AFFIRMATIVE**</u>
<u>**DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**</u>

NOW COMES Defendant, Ocean Essence Nutrition Inc. ("Ocean Essence" or "Defendant") by and though its attorneys, Polsinelli PC, and for its answer and affirmative defenses to the Complaint of Plaintiff AlgaeCal Inc. ("AlgaeCal" or "Plaintiff") states:

1.      This is a civil action for damages and injunctive relief arising out of Defendant's false advertising, unfair competition, and deceptive business practices related to its algae supplement products. As set forth below, Ocean Essence's unlawful acts constitute false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as violations of the Illinois Uniform Deceptive Trade Practices Act and Illinois Consumer Fraud and Deceptive Business Practices Act under state law.

<u>**ANSWER:**</u>      Ocean Essence admits that this is a civil action in which AlgaeCal purports to assert certain causes of action and seek certain relief against Ocean Essence.  Ocean Essence further admits that those allegations relate to Ocean Essence's advertising, marketing, and sale of certain calcium supplement products which include algae.  Ocean Essence denies the remaining allegations in Paragraph 1 and specifically denies that AlgaeCal has any valid cause of action or is entitled to any relief against Ocean Essence.

2.      For over two decades, Plaintiff AlgaeCal has offered for sale the only algae-based calcium supplement that is clinically supported to show increased bone density in adults. In an attempt to free-ride on the reputation and success of AlgaeCal, Ocean Essence has attempted to copy AlgaeCal's business, including but not limited to falsely and misleadingly advertising its own algae-based calcium supplement as increasing bone density, when in reality its claims are not supported by scientific research and, in fact, are contradicted by the one scientific study performed

1

on its primary ingredient. Ocean Essence further makes direct false and misleading comparative claims to AlgaeCal's products on a fake review site sponsored by Ocean Essence, deceiving consumers into believing that AlgaeCal's products are inferior to Ocean Essence, when that claim is false. Upon launching its competing business, Ocean Essence falsely claimed the source of its algae was the same as AlgaeCal's exclusive ingredient, when it did not in fact use the same ingredient. And, on information and belief, Ocean Essence at least initially used fake customer reviews to deceive consumers regarding the quality and effectiveness of its products.

**ANSWER:** Ocean Essence lacks sufficient knowledge regarding the length of time AlgaeCal

has been in the business of selling algae-based calcium supplements. Ocean Essence admits that

its business involves the manufacture, sale, and distribution of algae-based calcium supplements.

Ocean Essence further admits that, for a brief period of time, it included a statement on its website

which inadvertently misidentified the source of the algae used in its product. This statement has

since been corrected. Ocean Essence also admits that, during the development phase of its website,

it included placeholder reviews, which were not intended to deceive customers and were promptly

removed. Ocean Essence denies the remaining allegations in Paragraph 2.

3.      AlgaeCal has been harmed and, unless this Court enjoins Defendant from its unlawful acts, AlgaeCal will continue to be harmed by Defendant's false and deceptive unlawful activities.

**ANSWER:** Ocean Essence denies the allegations in Paragraph 3.

## THE PARTIES

4.      Plaintiff AlgaeCal Inc. is a Canadian corporation with a business address located at 1128 Homer Street, 300, Vancouver, British Columbia V6B 2X6, CA.

**ANSWER:** On information and belief, Ocean Essence admits the allegations of Paragraph 4.

5.      On information and belief, Defendant OceanEssence Nutrition Inc. is a Canadian corporation with a business address located at 404 3A Street NW, Cranbrook, British Columbia V1C6T7, CA.

**ANSWER:** Ocean Essence admits the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the federal false advertising and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

**ANSWER:**    The allegations in Paragraph 6 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Ocean Essence admits that Plaintiff asserts various statutory claims against Ocean Essence, including claims under the Lanham Act, but Ocean Essence denies that it violated any of the statutes identified in Paragraph 6 of the Complaint.  Except as expressly admitted, the allegations in Paragraph 6 of the Complaint are denied.

7.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under state law pursuant to 28 U.S.C § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

**ANSWER:**    The allegations in Paragraph 7 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Ocean Essence admits that Plaintiff asserts various statutory claims against Ocean Essence, including claims under the Lanham Act, but Ocean Essence denies that it violated the statute identified in Paragraph 7 of the Complaint. Except as expressly admitted, the allegations in Paragraph 7 of the Complaint are denied.

8.      Upon information and belief, Defendant has engaged in minimum contacts with the state of Illinois such that it should reasonably anticipate being haled into court in Illinois. On information and belief, Defendant has, among other activities, advertised, offered for sale, and engaged in sales of products to consumers in Illinois, which actions have directly harmed Plaintiff. Defendant's website, myoceanessence.com, specifically allows consumers from the United States and Illinois to purchase products. Defendant similarly promotes and sells its product nationally and to persons in Illinois at least on the Amazon marketplace, other e-commerce websites, and through social media. Defendant has otherwise availed itself of the privileges and protections of the laws of the State of Illinois, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

**ANSWER:**    The allegations of Paragraph 8 of the Complaint constitute argument, characterizations, and conclusions of law to which no response is necessary or required.  To the extent the allegations in Paragraph 8 are deemed factual, Ocean Essence admits that it sells its product on its website, myoceanessence.com and certain third-party websites, including Amazon. Except as expressly admitted, the allegations in Paragraph 8 of the Complaint are denied.

9.      Alternatively, jurisdiction is proper under Fed. R. Civ. P. 4(k)(2) as, on information and belief, the Canadian Defendant is not subject to any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

**ANSWER:**      The allegations in Paragraph 9 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Ocean Essence denies the allegations in Paragraph 9 of the Complaint.

10.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(3) because the Canadian Defendant is subject to the Court's personal jurisdiction in this District.

**ANSWER:**      The allegations in Paragraph 10 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Ocean Essence denies the allegations in Paragraph 10 of the Complaint.

## FACTUAL BACKGROUND
### AlgaeCal

11.      For over two decades, Plaintiff AlgaeCal has offered for sale the only calcium supplements that are clinically supported to show increased bone density.

**ANSWER:**      Ocean Essence lacks sufficient information to form a belief as to the truth or falsity of the matters asserted in Paragraph 11 of the Complaint and therefore denies the same.  Except as expressly admitted, the allegations in Paragraph 11 of the Complaint are denied.

12.      AlgaeCal's calcium supplements' calcium source is Lithothamnium Superpositum, the only algae clinically shown to increase bone mineral density. Moreover, AlgaeCal holds the worldwide exclusive rights to supply calcium powder derived from this species of algae.

**ANSWER:**      Ocean Essence denies that AlgaeCal's calcium supplements' calcium source, acting alone, has been clinically shown to increase bone mineral density.  Ocean Essence lacks sufficient information to form a belief as to the truth or falsity of the remaining matters asserted in Paragraph 12 of the Complaint and therefore denies the same.  Except as expressly admitted, the allegations in Paragraph 12 of the Complaint are denied.

13.      An example of AlgaeCal's calcium supplement products is as follows:



**ANSWER:**     Ocean Essence admits that the image included in Paragraph 13 appears to show a bottle of an AlgaeCal calcium supplement.  Ocean Essence denies the remaining allegations in Paragraph 13.  Except as expressly admitted, the allegations in Paragraph 13 of the Complaint are denied.

14.     Furthermore, AlgaeCal's advertising reflects its unique offering of the only calcium supplements that can stop bone loss and increase bone density, for example as follows:





**ANSWER:** Ocean Essence denies that AlgaeCal offers the only calcium supplements that can stop bone loss and increase bone density. Ocean Essence lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 14 of the Complaint and therefore denies the same. Except as expressly admitted, the allegations in Paragraph 14 of the Complaint are denied.

15. AlgaeCal has invested substantial amounts in clinical research to be able to advertise and market its products as increasing bone density and to build the fame, reputation, and goodwill of its brand. Three published studies show various AlgaeCal formulations increase bone density even in older adults.

**ANSWER:** Ocean Essence denies that AlgaeCal's calcium supplements, acting alone, have been clinically shown to increase bone mineral density. Ocean Essence lacks sufficient information to form a belief as to the truth or falsity of the remaining matters asserted in Paragraph 15 of the Complaint and therefore denies the same. Except as expressly admitted, the allegations in Paragraph 15 of the Complaint are denied.

16. AlgaeCal has promoted its calcium supplement products extensively throughout the United States, including through its own website, located at algaecal.com, and its Amazon store. In addition, AlgaeCal actively promotes its products on the AlgaeCal Facebook page (@algaecal),

YouTube (@algaecalcalcium), and Instagram (@algaecal), as well as on other platforms such as Google Shopping.

**ANSWER:**    Ocean Essence lacks sufficient information to form a belief as to the truth or falsity of the matters asserted in Paragraph 16 of the Complaint and therefore denies the same.  Except as expressly admitted, the allegations in Paragraph 16 of the Complaint are denied.

17.    AlgaeCal has attained substantial sales of products in Illinois and the United States.

**ANSWER:**    Ocean Essence lacks sufficient information to form a belief as to the truth or falsity of the matters asserted in Paragraph 17 of the Complaint and therefore denies the same.  Except as expressly admitted, the allegations in Paragraph 17 of the Complaint are denied.

### Defendant's Business and False Advertising Activities

18.    From March 2022 through September 2023, AlgaeCal employed Danielle Cardozo as a Research & Development Chef, and she also acted as a personal chef for AlgaeCal's founder. In that position, Ms. Cardozo had access to AlgaeCal's internal information, product formulas, sales figures, and business strategies. She also worked closely with AlgaeCal's marketing team to create a series of bone-health-focused recipes and community engagement content.

**ANSWER:**    Ocean Essence lacks sufficient information to form a belief as to the truth or falsity of the matters asserted in Paragraph 18 of the Complaint and therefore denies the same.  Except as expressly admitted, the allegations in Paragraph 18 of the Complaint are denied.

19.    On information and belief, Ms. Cardozo and her former boyfriend, Garold Gipman, set out to create a competing business based on the information and business strategies Ms. Cardozo learned while employed by AlgaeCal.

**ANSWER:**    Ocean Essence denies that Ms. Cardozo had any involvement in creating any business with Garold Gipman.  Except as expressly admitted, the allegations in Paragraph 19 of the Complaint are denied.

20.    On information and belief, prior to establishing Ocean Essence, Mr. Gipman was the owner of a cabinetry business, Archdesign Cabinetry, which bore no similarity to a supplement business.

**ANSWER:** Ocean Essence admits that Mr. Gipman owned a cabinetry business prior to establishing Ocean Essence. Ocean Essence denies the remaining allegations of Paragraph 20 of Plaintiff's Complaint. Except as expressly admitted, the allegations in Paragraph 20 of the Complaint are denied.

21. Nevertheless, Mr. Gipman, along with Andrew Lamb and Chriss Murray, co-founded Ocean Essence in or around 2024.

**ANSWER:** Ocean Essence admits that Mr. Gipman, Mr. Lamb, and Mr. Murray co-founded Ocean Essence and launched the business on June 1, 2024. Ocean Essence denies the remaining allegations of Paragraph 21 of Plaintiff's Complaint. Except as expressly admitted, the allegations in Paragraph 21 of the Complaint are denied.

22. In September 2024, AlgaeCal learned that Ocean Essence had launched a business and was mimicking AlgaeCal's marketing and advertising, as well as making false representations regarding Ocean Essence's product and false and misleading representations regarding AlgaeCal's products.

**ANSWER:** Ocean Essence lacks sufficient information to form a belief as to the truth or falsity of Plaintiff's claim in Paragraph 22 of the Complaint as to when Plaintiff became aware of Ocean Essence's business. Ocean Essence denies the remaining allegations of Paragraph 22 of Plaintiff's Complaint. Except as expressly admitted, the allegations in Paragraph 22 of the Complaint are denied.

23. Ocean Essence offers an algae-based calcium supplement, attempting to mimic AlgaeCal's formulations and marketing claims, for example as shown below:



**ANSWER:** Ocean Essence admits that it offers an algae-based calcium supplement. The formulation for Ocean Essence's product was independently developed with VitaQuest formulators, using different calcium sources and ingredient combinations from Plaintiff's products. Ocean Essence denies the remaining allegations of Paragraph 23 of Plaintiff's Complaint. Except as expressly admitted, the allegations in Paragraph 23 of the Complaint are denied.

24. When Ocean Essence initially launched, its website falsely claimed that its product contained the clinically-studied algae Lithothamnium Superpositum—the algae exclusive to AlgaeCal, and the only algae proven to increase bone mineral density:



**ANSWER:**    Ocean Essence admits that, for a brief period of time, from the date it launched its website until approximately September 28, 2024, it included a statement on its website which inadvertently misidentified the source of the algae used in its product.  This statement has since been corrected to identify the correct type of algae used in Ocean Essence's calcium supplement. Ocean Essence denies the remaining allegations in Paragraph 24.  Except as expressly admitted, the allegations in Paragraph 24 of the Complaint are denied.

25.    However, in reality, the Ocean Essence product contains Lithothamnion sp. (AquaminTM), a red marine algae sourced from Iceland, which lacks clinical support showing that this algae type increases bone density.

**ANSWER:**    Ocean Essence admits that its calcium supplement contains Lithothamnion sp. (Aquamin™), a red marine algae soured from Iceland.  Ocean Essence has never claimed that Aquamin™, acting alone, increases bone mineral density.  Ocean Essence denies the remaining allegations in Paragraph 25.  Except as expressly admitted, the allegations in Paragraph 25 of the Complaint are denied.

26.    In fact, the only study that was performed with AquaminTM, while indicating that there was less bone density loss compared to a placebo, nevertheless showed participants losing bone density, not gaining it. *See* https://aquamin.com/sciences/slevin-et-al-2014/.

**ANSWER:**    Ocean Essence does not make any claim that Aquamin™, acting alone, increases bone density.  Ocean Essence denies the remaining allegations in Paragraph 26.  Except as expressly admitted, the allegations in Paragraph 26 of the Complaint are denied.

27.    Despite this, Ocean Essence has adopted key elements of AlgaeCal's marketing, including its central claim, "Increase Bone Density," when that claim is not supported for AquaminTM by the study cited by Ocean Essence. Examples of Ocean Essence's claims are shown below:





**ANSWER:** Ocean Essence admits that the screenshots included in Paragraph 27 of the Complaint identify two examples of Ocean Essence's online marketing. Ocean Essence does not make any claim that Aquamin™, acting alone, increases bone density. Ocean Essence denies the remaining allegations in Paragraph 27. Except as expressly admitted, the allegations in Paragraph 27 of the Complaint are denied.

28.    Furthermore, on information and belief, Defendant initially used fake reviews to mislead consumers regarding the effectiveness of its products. Indeed, soon after it began selling products, the Ocean Essence website contained reviews that pre-dated Ocean Essence's existence as a company. For example, the below review, dated July of 2023 – at least half a year prior to Ocean Essence's launch – reads, "Both my mother and grandmother struggled with osteoporosis, so I was determined to find a good bone health supplement. I was taking calcium pills until I saw an ad on Facebook for OceanEssence. I haven't had a Dexa scan yet, but I feel confident being proactive about my bone health."

**ANSWER:**   Ocean Essence admits that, during the development phase of its website, it included placeholder reviews, which were not intended to deceive customers and were promptly removed. Ocean Essence denies the remaining allegations in Paragraph 28.  Except as expressly admitted, the allegations in Paragraph 28 of the Complaint are denied.

29.    The FTC Chair, Lina Khan has said, "[f]ake reviews not only waste people's time and money, but also pollute the marketplace and divert business away from honest competitors." Generating fake reviews is expressly prohibited by the FTC's Final Rule, 16 CFR 465: Trade Regulation Rule on the Use of Consumer Reviews and Testimonials.

**ANSWER:**   The allegations of Paragraph 29 of the Complaint constitute argument, characterizations, and conclusions of law to which no response is necessary or required.  To the extent the allegations in Paragraph 29 are deemed factual, Ocean Essence admits that, during the development phase of its website, it included placeholder reviews, which were not intended to deceive customers and were promptly removed.  Ocean Essence does not generate fake reviews. Ocean Essence denies the remaining allegations in Paragraph 29.  Except as expressly admitted, the allegations in Paragraph 29 of the Complaint are denied.

30.    Ocean Essence's deceptive claims are material to its target consumers. Alleged customer comments on Ocean Essence's website highlight the purchase of its products to assist with osteoporosis and to increase bone density. Consider the following example:



**ANSWER:** Ocean Essence admits that the screenshot included in Paragraph 30 of the Complaint identifies customer reviews that have been posted to Ocean Essence's website. The reviews are authentic reviews from verified purchasers of Ocean Essence's products. Ocean Essence denies the remaining allegations in Paragraph 30. Except as expressly admitted, the allegations in Paragraph 30 of the Complaint are denied.

31.    In addition, Ocean Essence owns and operates a misleading fake review website, https://wellnessproductguide.com/ (the "Wellness Product Guide website"), purporting to provide an independent comparison of different algae-based calcium supplements on the market.

**ANSWER:** Ocean Essence admits that it owns and operates a review website, the Wellness Product Guide website, which can be accessed through the following URL: https://wellnessproductguide.com/. The Wellness Product Guide website is transparently operated as a sponsored advertorial platform, which is operated by Ocean Essence. The website specifically includes the following representations: (1) the content is sponsored; (2) the rankings are based on Wellnessproductguide.com's independent evaluation criteria; (3) individual results may vary; and (4) the statements have not been evaluated by the FDA. These disclosures are prominently displayed and consistently maintained across the platform to ensure full transparency for all

13

consumers. The comparative content follows standard industry practices for sponsored advertorial content and Ocean Essence makes no attempt to disguise the commercial nature of the platform. The evaluation criteria utilized for the comparative content are based on publicly available information and standardized assessment metrics. Ocean Essence denies the remaining allegations in Paragraph 31. Except as expressly admitted, the allegations in Paragraph 31 of the Complaint are denied.

32. However, in reality, the Wellness Product Guide website provides false and misleading information regarding Ocean Essence's and AlgaeCal's products.

**ANSWER:** Ocean Essence denies the allegations in Paragraph 32 of the Complaint.

33. The Wellness Product Guide website displays an advertisement article titled, "2024's Top Algae-Based Bone Building Supplements - Tested & Ranked For Stronger Bones."

**ANSWER:** Ocean Essence admits that the Wellness Product Guide website includes a reference to an article titled "2024's Top Algae-Based Bone Building Supplements - Tested & Ranked For Stronger Bones." Ocean Essence denies the remaining allegations in Paragraph 33. Except as expressly admitted, the allegations in Paragraph 33 of the Complaint are denied.

34. The article ranks algae-based calcium supplements based on purported testing and includes false and misleading "Pros" and "Cons," naming Ocean Essence's product the "Best Overall Algae-Based Supplement."



**ANSWER:** Ocean Essence admits that the article, "2024's Top Algae-Based Bone Building Supplements - Tested & Ranked For Stronger Bones," ranks algae-based calcium supplements based on testing and review of various products on the market. Ocean Essence admits that the screenshot included in Paragraph 34 of the Complaint appears to be taken from the article. Ocean Essence further admits that the website on which this article is included, https://wellnessproductguide.com/, is transparently operated as a sponsored advertorial platform, operated by Ocean Essence. The website specifically includes the following representations: (1) the content is sponsored; (2) the rankings are based on Wellnessproductguide.com's independent evaluation criteria; (3) individual results may vary; and (4) the statements have not been evaluated by the FDA. These disclosures are prominently displayed and consistently maintained across the platform to ensure full transparency for all consumers. The comparative content follows standard industry practices for sponsored advertorial content and Ocean Essence makes no attempt to disguise the commercial nature of the platform. The evaluation criteria utilized for the comparative content are based on publicly available information and standardized assessment metrics. Ocean

Essence denies the remaining allegations in Paragraph 34. Except as expressly admitted, the allegations in Paragraph 34 of the Complaint are denied.

35. For "Bone Density Improvement," the Wellness Product Guide website ranks Ocean Essence with an "A+" and lists its first two "Pros" as: "Best results in supporting overall bone health and helping maintain bone density, which is essential for reducing the risk of conditions like osteoporosis" and "Made from AquaminTM (sourced from a unique kind of red marine algae from the coast of Iceland) and Ocean Essence contains all the 9 necessary ingredients for bone development."

### Bone Density Improvement: A+

| Pros: | Cons: |
|---|---|
| Best results in supporting overall bone health and helping maintain bone density, which is essential for reducing the risk of conditions like osteoporosis. | Only available through online channels. |
| Made from Aquamin™ (sourced from a unique kind of red marine algae from the coast of Iceland) and Ocean Essence contains all the 9 necessary ingredients for bone development. | Currently only available in the US Market |
| Shows results even for people above 40. | Usually, out of stock due to high demand. |

**ANSWER:** Ocean Essence admits that the Wellness Product Guide ranks Ocean Essence with an "A+" for "Bone Density Improvement." Ocean Essence further admits that the first two "Pros" listed on the Wellness Product Guide as to Ocean Essence are (1) "Best results in supporting overall bone health and helping maintain bone density, which is essential for reducing the risk of conditions like osteoporosis"; and (2) "Made from Aquamin™ (sourced from a unique kind of red marine algae from the coast of Iceland) and Ocean Essence contains all the 9 necessary ingredients for bone development." To the extent Paragraph 35 contains any other allegations, such allegations are denied. Except as expressly admitted, the allegations in Paragraph 35 of the Complaint are denied.

36. However, Ocean Essence's product with AquaminTM has not been shown to increase bone density, or stop bone loss in adults, and certainly not based on "results" from a comparison to AlgaeCal.

**ANSWER:** Ocean Essence denies the allegations in Paragraph 36 of the Complaint.

37.     Regarding AlgaeCal, the Wellness Product Guide website names it "Best Runner Up" and gives its "Bone Density Improvement" rank a "B+," despite the fact that only AlgaeCal's product has been shown to stop bone loss and increase bone density, making it the provably superior product.

**ANSWER:**     Ocean Essence admits that the Wellness Product Guide names AlgaeCal the "Best Runner Up" and gives its "Bone Density Improvement" rank a "B+."  Ocean Essence denies the remaining allegations in Paragraph 37.  Except as expressly admitted, the allegations in Paragraph 37 of the Complaint are denied.

38.     Moreover, the Wellness Product Guide claims a "Con" is that AlgaeCal is "very expensive compared to OceanEssence" and expressly claims that AlgaeCal is 34% more expensive than Ocean Essence.

## Bone Density Improvement: B+

| Pros: | Cons: |
|---|---|
| Good results in improving bone density & maintaining bone health. | Very expensive compared to OceanEssence |
| Focused on all-natural ingredients. | Contains less Vitamin C & Boron in less quantity than other brands |
| Limited clinical studies as proof of its efficacy | |

Honestly, it's not that AlgaeCal was bad. It was just the fact that OceanEssence outshined AlgaeCal in every department.

Overall, AlgaeCal is also very good for increasing bone density & reversing osteoporosis.

The brand has some merit to with a couple of clinical studies backing it up & some good social proof on its website.

However, it's worth noting that it is 34% more expensive compared to OceanEssence. And contains less amount of Vitamin C & Boron ingredients. While it's not a match for OceanEssence, it's still very impressive on its own. And it's worth checking out.

**ANSWER:**     Ocean Essence admits that the Wellness Product Guide identifies as a "Con," that AlgaeCal is "very expensive compared to OceanEssence."  Ocean Essence has since updated the website copy to reflect that the price difference between Ocean Essence's product and AlgaeCal's product is 15% rather than 34%.  Ocean Essence denies the remaining allegations in Paragraph 38. Except as expressly admitted, the allegations in Paragraph 38 of the Complaint are denied.

39.     However, a one-month supply of Ocean Essence's Total Bone Support Product is sold for $59.00 on the www.myoceanessence.com website, the same as a one-month supply of AlgaeCal Plus sold on AlgaeCal's website. AlgaeCal is not aware of any product priced 34% higher than the Ocean Essence product.

**ANSWER:**     Ocean Essence admits that its Total Bone Support product is sold for $59.00 on the

www.myoceanessence.com website.     Ocean Essence further responds that, according to

AlgaeCal's website, a one-month supply of AlgaeCal Plus is sold for $70.00, which is 15% more

expensive than Ocean Essence's Total Bone Support product.  Ocean Essence denies the remaining

allegations in Paragraph 39.  Except as expressly admitted, the allegations in Paragraph 39 of the

Complaint are denied.

40.     Moreover, Ocean Essence claims to be a superior product to AlgaeCal, stating it "outshine[s] AlgaeCal in every department," despite having no clinical support for its comparative claims.

**ANSWER:**     Ocean Essence admits that it has claimed that its product "outshine[s] AlgaeCal in

every department."  Ocean Essence denies the remaining allegations in Paragraph 40.  Except as

expressly admitted, the allegations in Paragraph 40 of the Complaint are denied.

41.     Ocean Essence has further used AlgaeCal's registered trademarks to purchase advertising keywords to direct consumers to deceptive sponsored advertisements and to direct consumers to Ocean Essence's fake review website. An example of Ocean Essence's misleading advertising is as follows, showing that when "algaecal" is typed into the Google search bar, the first Sponsored result that appears is for the Wellness Product Guide website:



**ANSWER:**     Ocean Essence admits that, according to industry standard, it has used AlgaeCal's

brand name to purchase advertising keywords to direct consumers to sponsored content, as

depicted on the screenshot copied under Paragraph 41 of the Complaint under the label "Sponsored." Ocean Essence denies the remaining allegations in Paragraph 41. Except as expressly admitted, the allegations in Paragraph 41 of the Complaint are denied.

42.     Ocean Essence's false claims, history of fake reviews, and false and misleading comparisons to AlgaeCal mislead consumers into believing that the Defendant's product can stop bone density loss, improve bone density, and that Ocean Essence's product is superior to AlgaeCal's clinically supported product, unfairly diverting business away from AlgaeCal.

**ANSWER:**     Ocean Essence denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant's false advertising and unfair conduct provide an unlawful competitive advantage to Defendant at AlgaeCal's expense, diverting sales from AlgaeCal and causing damage to AlgaeCal's reputation and goodwill.

**ANSWER:**     The allegations in Paragraph 43 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 43 of the Complaint.

44.     Consequently, it is clear that Defendant has engaged in and continues to engage in such illegal actions as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to AlgaeCal's rights, or in bad faith, for the purpose of diverting sales from AlgaeCal to Ocean Essence.

**ANSWER:**     The allegations in Paragraph 44 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 44 of the Complaint.

45.     Through these actions, Defendant has, among other things, willfully and in bad faith committed the following, all of which have caused and will continue to cause irreparable harm to AlgaeCal: engaged in false advertising, unfair competition, and deceptive trade practices, and unfairly profited from such activities at AlgaeCal's expense.

**ANSWER:**     The allegations in Paragraph 45 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 45 of the Complaint.

46.     Unless enjoined, Defendant will continue to cause damage and irreparable harm to Plaintiff.

**ANSWER:**     The allegations in Paragraph 46 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 46 of the Complaint.

**COUNT I**
**FALSE ADVERTISING**
**(15 U.S.C. § 1125(a))**

47.     Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

**ANSWER:**     Ocean Essence repeats and incorporates Paragraphs 1-46 of the Answer as if fully set forth herein.

48.     Defendant Ocean Essence has made numerous false and misleading representations of fact in its advertising.

**ANSWER:**     The allegations in Paragraph 48 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 48 of the Complaint.

49.     These false and misleading representations include, but are not limited to, Defendant's claims that its product increases bone density, that its product stops bone density loss, and that such false claims are supported by clinical studies.

**ANSWER:**     The allegations in Paragraph 49 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant has further made false and misleading representations regarding the superiority of Defendant's products, including *inter alia* that Defendant's products are superior "in every department" to AlgaeCal's products.

**ANSWER:**     The allegations in Paragraph 50 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 50 of the Complaint.

51.     On information and belief, Defendant's false statements have deceived, and have the tendency to deceive, a substantial segment of its audience.

**ANSWER:**     Ocean Essence denies the allegations in Paragraph 51 of the Complaint.

52.     Indeed, consumers of calcium supplements to prevent bone loss or increase bone density tend to be older consumers who may be particularly vulnerable to false and misleading claims.

**ANSWER:**     Ocean Essence lacks sufficient information to form a belief as to the truth or falsity of the matters asserted in Paragraph 52 of the Complaint and therefore denies the same.  Except as expressly admitted, the allegations in Paragraph 52 of the Complaint are denied.

53.     Furthermore, Defendant's deception is material, as its false claims concern the primary reason why a consumer would be interested in purchasing a calcium supplement.

**ANSWER:**     The allegations in Paragraph 53 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Ocean Essence denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant's actions constitute willful and deliberate use in commerce of false and misleading advertisements that have harmed and will continue to harm Plaintiff through diversion of sales and the loss of goodwill of AlgaeCal's products. As a direct and proximate result of Defendant's false advertising, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill, and Defendant has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

**ANSWER:**     The allegations in Paragraph 54 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Ocean Essence denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant's actions have irreparably damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless enjoined, Defendant will continue making false and misleading representations, further injuring Plaintiff and the public.

**ANSWER:**     The allegations in Paragraph 55 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Ocean Essence denies the allegations in Paragraph 55 of the Complaint.

<u>**COUNT II**</u>
<u>**FEDERAL UNFAIR COMPETITION**</u>
**(15 U.S.C. § 1125(a))**

56.     Plaintiff restates and re-alleges each of the foregoing paragraphs of the Complaint as if fully set forth herein.

<u>**ANSWER:**</u>     Ocean Essence repeats and incorporates Paragraphs 1-55 of the Answer as if fully

set forth herein.

57.     Defendant, by reason of its false advertising and the other actions complained of *supra*, has engaged in unfair competition.

<u>**ANSWER:**</u>     The allegations in Paragraph 57 of the Complaint contain legal conclusions to

which no response is required.  To the extent a response is required, Ocean Essence denies the

allegations in Paragraph 57 of the Complaint.

58.     Further, on information and belief, Defendant has used fake reviews to further divert trade to its products and away from AlgaeCal's products.

<u>**ANSWER:**</u>     Ocean Essence denies the allegations in Paragraph 58 of the Complaint.

59.     And, on information and belief, Defendant has used AlgaeCal's registered trademark to divert consumers.

<u>**ANSWER:**</u>     Ocean Essence denies the allegations in Paragraph 59 of the Complaint.

60.     The actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition in violation of 15 U.S.C. § 1125(a).

<u>**ANSWER:**</u>     The allegations in Paragraph 60 of the Complaint contain legal conclusions to

which no response is required.  To the extent a response is required, Ocean Essence denies the

allegations in Paragraph 60 of the Complaint.

61.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

**ANSWER:** The allegations in Paragraph 61 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 61 of the Complaint.

62. Defendant's actions have irreparably damaged AlgaeCal, and AlgaeCal has no adequate remedy at law. Unless enjoined, Defendant will continue its unfair practices, further injuring AlgaeCal and the public.

**ANSWER:** The allegations in Paragraph 62 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 62 of the Complaint.

**COUNT III**
**DECEPTIVE TRADE PRACTICES**
**(Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/2)**

63. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Ocean Essence repeats and incorporates Paragraphs 1-62 of the Answer as if fully set forth herein.

64. Defendant Ocean Essence has made numerous false and misleading representations of fact in its advertising.

**ANSWER:** The allegations in Paragraph 64 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 64 of the Complaint.

65. These false and misleading representations include, but are not limited to, Defendant's claims that its product increases bone density, that its product stops bone density loss, and that such false claims are supported by clinical studies.

**ANSWER:** The allegations in Paragraph 65 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 65 of the Complaint.

66.     Defendant has further made false and misleading representations regarding the superiority of Defendant's products, including *inter alia* that Defendant's products are superior "in every department" to AlgaeCal's products.

**ANSWER:**     The allegations in Paragraph 66 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Ocean Essence denies the allegations in Paragraph 66 of the Complaint.

67.     On information and belief, Defendant's false statements have deceived, and have the tendency to deceive, a substantial segment of its audience.

**ANSWER:**     Ocean Essence denies the allegations in Paragraph 67 of the Complaint.

68.     Indeed, consumers of calcium supplements to prevent bone loss or increase bone density tend to be older consumers who may be particularly vulnerable to false and misleading claims.

**ANSWER:**     Ocean Essence lacks sufficient information to form a belief as to the truth or falsity of the matters asserted in Paragraph 68 of the Complaint and therefore denies the same.  Except as expressly admitted, the allegations in Paragraph 68 of the Complaint are denied.

69.     Furthermore, Defendant's deception is material, as its false claims concern the primary reason why a consumer would be interested in purchasing a calcium supplement.

**ANSWER:**     The allegations in Paragraph 69 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Ocean Essence denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant's actions constitute willful and deliberate use in commerce of false and misleading advertisements that have harmed and will continue to harm Plaintiff through diversion of sales and the loss of goodwill of AlgaeCal's products.

**ANSWER:**     The allegations in Paragraph 70 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Ocean Essence denies the allegations in Paragraph 70 of the Complaint.

71.     As a direct and proximate result of Defendant's false advertising, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and

Defendant has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

**ANSWER:** The allegations in Paragraph 71 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant's actions have irreparably damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless enjoined, Defendant will continue making false and misleading representations, further injuring Plaintiff and the public.

**ANSWER:** The allegations in Paragraph 72 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 72 of the Complaint.

**COUNT IV**
**UNFAIR TRADE PRACTICES AND UNFAIR COMPETITION**
**(Illinois Consumer Fraud and Deceptive Business Practices Act,**
**815 Ill. Comp. Stat. § 505/2)**

73.     Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Ocean Essence repeats and incorporates Paragraphs 1-72 of the Answer as if fully set forth herein.

74.     Defendant has used and/or employed deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression and/or the omission of material facts with the intention that consumers rely on such concealment, suppression and/or omission of material fact in the conduct of trade and/or commerce.

**ANSWER:** The allegations in Paragraph 74 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 74 of the Complaint.

75.     Defendant's conduct directly implicates consumer protection concerns, as it is deceiving consumers into believing that its product is increasing bone density or stopping bone loss when there is no evidence supporting those claims, and in fact its cited study regarding Aquamin shows that Defendant's claims are false.

**ANSWER:** The allegations in Paragraph 75 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 75 of the Complaint.

76. Defendant's actions constitute willful and deliberate use in commerce of false and misleading advertisements that have harmed and will continue to harm Plaintiff through diversion of sales and the loss of goodwill of AlgaeCal's products. As a direct and proximate result of Defendant's false advertising, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendant has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

**ANSWER:** The allegations in Paragraph 76 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 76 of the Complaint.

77. Defendant's actions have irreparably damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless enjoined, Defendant will continue making false and misleading representations, further injuring Plaintiff and the public.

**ANSWER:** The allegations in Paragraph 77 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Ocean Essence denies the allegations in Paragraph 77 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Ocean Essence denies that AlgaeCal is entitled to any of the relief set forth in its Prayer for Relief.

## DEMAND FOR JURY TRIAL

Ocean Essence respectfully demands a trial by jury

## AFFIRMATIVE DEFENSES

In further response to the allegations set forth in Plaintiff's Complaint, and without waiving any denials of fact or liability set forth herein, Ocean Essence Nutrition Inc. hereby sets forth the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

AlgaeCal's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

AlgaeCal's Complaint is barred in whole or in part by the doctrine of unclean hands.

As described *infra* in Ocean Essence's Counterclaim, AlgaeCal employed a smear campaign containing false and misleading statements regarding Ocean Essence and its products, including false and misleading comparisons between Ocean Essence's products and AlgaeCal's products. In particular, as described in paragraphs 50-79 of Ocean Essence's Counterclaim and summarized here for reference, AlgaeCal expressly undertook to disparage Ocean Essence and its products by creating a website, using the domain "oceanessence.com," which AlgaeCal purchased and used to mislead the public as to Ocean Essence and its products. Upon information and belief, AlgaeCal also paid for the domain "oceanessence.com" to appear as a sponsored website on Google's search engine, appearing above Ocean Essence's proprietary website, "myoceanessence.com."

As detailed in Ocean Essence's Counterclaim, AlgaeCal's website opened with the following heading: "Warning: Don't Buy Ocean Essence Calcium Supplements Until You Read This!" Under this "warning," AlgaeCal included the following five claims, each of which sought to further disparage Ocean Essence and its products: (1) "Lied about their calcium source"; (2) "Claims their supplement will '*Increase* Bone Density' yet offers no scientific support"; (3) "Offers an unbelievable guarantee, but with no guarantee terms outlined"; (4) "Fakes their customer reviews"; and (5) "Created an 'independent' calcium supplement review website…recommending their product as the number one choice." Each of these claims were followed by further misleading content, described in detail *infra* in Ocean Essence's Counterclaim.

In addition, AlgaeCal: (i) falsely claims that its product is the "only" calcium supplement capable of increasing bone density, (ii) exaggerates the bone density increases its customers can expect to experience from using AlgaeCal products, (iii) uses strontium as an ingredient, which has been shown to fake bone density increases in Dual-Energy X-ray Absorptiometry ("DXA") scans, and (iv) on information and belief, fails to disclose consideration provided to customers for website and social media reviews.

By virtue of AlgaeCal's own inequitable conduct with respect to Ocean Essence, AlgaeCal's hands are unclean, and it is not entitled to any relief.

## THIRD AFFIRMATIVE DEFENSE

AlgaeCal's request for preliminary and/or permanent injunctive relief is moot. The challenged claims concerning Ocean Essence's marketing and advertising of its calcium supplement product have been revised to eliminate the possibility of any future harm to AlgaeCal, let alone irreparable harm.

## FOURTH AFFIRMATIVE DEFENSE

AlgaeCal's claims are barred because the conduct complained of is speech protected by the First Amendment of the United States Constitution and/or analogous provisions of the Illinois constitution.

## FIFTH AFFIRMATIVE DEFENSE

AlgaeCal's claims under 815 ILCS § 505/2 and 815 ILCS § 510/2 are barred because Ocean Essence's challenged conduct did not occur primarily and substantially within Illinois.

## SIXTH AFFIRMATIVE DEFENSE

AlgaeCal's Complaint is preempted, precluded, or otherwise barred because Ocean Essence has complied with all applicable regulations of the federal and state governments.

## RESERVATION

Discovery and further investigation may show that Ocean Essence has additional, as yet unstated, affirmative defenses or counterclaims. Ocean Essence reserves the right to assert such additional affirmative defenses or counterclaims once they become known.

## COUNTERCLAIM

Ocean Essence Nutrition Inc. ("Ocean Essence"), for its Counterclaim against AlgaeCal Inc. ("AlgaeCal"), respectfully alleges as follows:

## INTRODUCTION

1.      Ocean Essence brings this Counterclaim to redress a consistent pattern of advertising and promotion by AlgaeCal that (1) falsely disparages Ocean Essence's products and services; (2) misrepresents AlgaeCal's own competing products and services as "the only calcium supplements that can stop bone loss and increase bone density;" (3) misrepresents the extent to which AlgaeCal's products have been shown to increase bone density in AlgaeCal sponsored studies; and (4) deceptively presents customer testimonials as independent when, on information and belief, many of those customers received undisclosed compensation for their endorsement.

2.      Ocean Essence and AlgaeCal are competing manufacturers of algae-based calcium supplements. For many years, AlgaeCal was the dominant player in this category. However, in recent years, several other algae-based calcium supplements have entered the market, including Ocean Essence. AlgaeCal's products are expensive and no longer harness the same competitive advantage in the marketplace that they previously enjoyed. Ocean Essence's product, by contrast, is more affordable and provides markedly similar results to those espoused by AlgaeCal.

3.      Ocean Essence launched its business on June 1, 2024. Since that time, Ocean Essence has already built a client base throughout the United States and has emerged as a serious

competitive threat to AlgaeCal. AlgaeCal could have responded by lowering the cost of its product or exploring other marketing or advertising strategies to increase its competitive edge, but instead it chose to respond by deceiving the market and disparaging Ocean Essence.

4.      Some of AlgaeCal's tactics have been downright extreme. For example, starting in or around September 2024 (just months after Ocean Essence's launch), AlgaeCal embarked on a digital smear campaign falsely disparaging the capabilities and features of Ocean Essence's competing product to customers who might be interested in purchasing it. That campaign included but was not limited to driving potential Ocean Essence customers to a domain (www.oceanessence.com) confusingly similar to Ocean Essence's website (www.myoceanessence.com) which AlgaeCal had purchased and filled with defamatory content concerning Ocean Essence, including that it lied to its customers, faked reviews, and otherwise engaged in fraudulent and disreputable business practices (the "Defamatory Website"). Ironically, the very misdeeds AlgaeCal falsely accused Ocean Essence of committing—dishonesty, deception, and disreputable business practices—are tactics deployed by AlgaeCal with regularity.

5.      Consider, for example, AlgaeCal's use of customer testimonials, a key feature of its marketing strategy. On its website homepage, AlgaeCal urges consumers to "[s]ee what thousands of customers are saying about AlgaeCal," claiming to have over 6,600 "success stories" and publishing the video and/or written testimonials of approximately 290 alleged customers. Upon information and belief, many of the customers featured on the website were compensated for their endorsement, but AlgaeCal fails to disclose this, leaving consumers with the false impression that the endorsements are independent. That practice is in blatant violation of Federal Trade Commission guidance, which provides that failure to disclose such a "material connection" is unfair and deceptive.

30

6.     In addition, most of the testimonials featured on the AlgaeCal website that reference bone density increases (which is many) tout bone density increases significantly higher than the modest gains that were seen in the studies on which AlgaeCal relies.  Whereas the studies found increases in the range of 1% to 1.3%, most of the testimonials discussing percentage increases allege increases significantly above 1.3%, with some as high as 25% in one year. The FTC's Endorsement Guidelines are clear that "an endorsement may not convey any express or implied representation that would be deceptive if made directly by the advertiser."  Here, it would be deceptive for AlgaeCal to claim that its products can increase bone density by 25% in a single year because its own research shows increases of only 1% to 1.3% per year.  Nevertheless, AlgaeCal includes testimonial after testimonial on its website in which customers claim increases significantly higher than 1.3%, falsely leading consumers to believe that those results are typical and supported by the studies.

7.     AlgaeCal amplifies the deception—and preys on individuals desperate for a solution to their bone loss issues—by telling customers that they can "triple [their] bone density increases" by combining AlgaeCal Plus with Strontium Boost, another AlgaeCal product. However, strontium, the active ingredient in Strontium Boost, has been shown to artificially inflate the numbers of a DXA scan, yielding a misleading reading that overstates bone density.  Indeed, comparisons of calcium hydroxyapatite (natural bone crystal) and strontium hydroxyapatite (strontium-substituted bone crystal) have shown that for every 1% of strontium incorporate into bone, bone mineral density is overestimated by 10%.

8.     AlgaeCal's smear campaign against Ocean Essence, coupled with its false and misleading advertising and marketing, have caused irreparable injury to Ocean Essence's reputation and goodwill.  AlgaeCal's actions have further caused Ocean Essence to lose sales and

profits that it would otherwise have made while unjustly enriching AlgaeCal and has deceived and caused harm to the purchasing public. Unless AlgaeCal's behavior is curtailed by the Court, its pattern of conduct and the harms inflicted upon Ocean Essence, which are irreparable, will continue.

## PARTIES

9.      Counterclaim Plaintiff Ocean Essence is a Canadian corporation with a business address located at 404 3A Street NW, Cranbrook, British Columbia V1C6T7, CA.

10.     Counterclaim Defendant AlgaeCal is a Canadian corporation with a business address located at 1128 Homer Street, 300, Vancouver, British Columbia V6B 2X6, CA.

## JURISDICTION AND VENUE

11.     This action arises under the Lanham Act, 15 U.S.C. § 1125, et seq. ("Lanham Act"), the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/2), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/2, and the common law.

12.     This Court has jurisdiction over the federal false advertising and unfair competition claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

13.     This Court has supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Ocean Essence's Counterclaim have occurred and/or will occur within this District.

## OCEAN ESSENCE AND ALGAECAL

15.     Founded in 2024, Ocean Essence is a new player in the algae-based calcium supplement market.  It provides a unique approach, utilizing Aquamin™, a plant-based calcium and magnesium source derived from red marine algae, in combination with seven other essential nutrients, including vitamins D, K2, and C, along with boron, copper, manganese, bamboo-derived silica, and other trace minerals to create a supplement in which the nutrients work synergistically to improve bone density, prevent bone loss, and reduce fracture risk.

16.     Ocean Essence has distinguished its Total Bone Support product by offering a comprehensive approach which, through the use of one multi-faceted supplement rather than multiple supplements taken in combination, ensures that bone health and interconnected systems, such as the gut and joints, are fully supported and functioning optimally.  AlgaeCal's product, by contrast, requires the use of AlgaeCal Plus in combination with, for instance, AlgaeCal Strontium Boost, to realize the full array of promised benefits.

17.     In addition, Ocean Essence's Total Bone Support product sells for $59.00 on the www.myoceanessence.com website, whereas: (a) a one-month supply of AlgaeCal Plus, alone, is sold on AlgaeCal's website for $70.00, and (b) a one-month supply of its Bone Builder Pack (AlgaeCal Plus and Strontium Boost) is sold on AlgaeCal's website for $90.00.

## ALGAECAL'S ACTIONABLE CONDUCT

18.     AlgaeCal views Ocean Essence's burgeoning growth and the unique features of Ocean Essence's algae-based calcium supplement as a serious threat to its market dominance. Thus, in an effort to put Ocean Essence out of business before it was able to get off the ground, AlgaeCal has engaged in months of willful false advertising and a smear campaign intended to mislead consumers about the merits of the parties' respective products.

**The Smear Campaign**

19.     On information and belief, in or around September 2024, merely three months after Ocean Essence launched its business, AlgaeCal purchased the oceanessence.com domain.

20.     On information and belief, the oceanessence.com domain was a premium domain which cost approximately $5,000 USD to purchase.

21.     Throughout the period during which AlgaeCal was operating its smear campaign against Ocean Essence on oceanessence.com, AlgaeCal paid Google to sponsor the oceanessence.com domain.

22.     As a result, whenever a consumer typed the words "ocean essence" into the Google search engine, oceanessence.com populated as the first result, under the heading "Sponsored."

23.     Under the domain, the search identified the title of the website as "Ocean Essence Review – Bone Health Supplements."

24.     Beneath the title of the website, the description of the site read, "Find out the real story behind Ocean Essence Calcium Supplements.  Is Ocean Essence the number 1 algae supplement?"

25.     While oceanessence.com was listed as the first search result, myOceanEssence.com, the domain used by Ocean Essence, populated directly below, as the second search result.  Thus, any consumer searching for "ocean essence" would first see AlgaeCal's smear campaign website, listed as the primary source above the true Ocean Essence website.

26.     Shortly after purchasing the oceanessence.com domain, and prior to September 12, 2024, AlgaeCal began operating the website to post misleading and defamatory content about Ocean Essence.

27.     On the opening page of the website, AlgaeCal posted the following heading: "Warning: Don't Buy Ocean Essence Calcium Supplements Until You Read This!"

28.     Below this heading, AlgaeCal posted—"Do you trust your health with a company that . . ."—under which it listed following defamatory statements:

  i.      "Lied about their calcium source"

  ii.     "Claims their supplement will '*Increase* Bone Density' yet offers no scientific support"

  iii.    "Offers an unbelievable guarantee, but with no guarantee terms outlined"

  iv.     "Fakes their customer reviews"

  v.      "Created an 'independent' calcium supplement review website…recommending their product as the number one choice"

29.     AlgaeCal devoted one to two pages of content to each of the above defamatory claims on the oceanessence.com website.

30.     Under its first subheading, "Ocean Essence Falsified Their Calcium Source," AlgaeCal asserts that Ocean Essence falsely claimed that its algae-based calcium supplement was made with "Lithothamnion superpositum," a red marine algae to which AlgaeCal purportedly owns exclusive rights.

31.     AlgaeCal's claim seized on an inadvertent typographical error in Ocean Essence's website copy, which mistakenly identified "Lithothamnion sp" as "Lithothamnion superpositum." An error that was corrected soon thereafter, and months before AlgaeCal's Complaint was filed.

32.     Further down the page, which begins with the false claim that "Ocean Essence Falsified Their Calcium Source," AlgaeCal acknowledges that the calcium source "quoted on [Ocean Essence's] website is 'Calcium . . . from red marine algae (**Aquamin**)."

33. AlgaeCal's second subheading on the oceanessence.com domain stated, "Ocean Essence Claims Their Supplement will "*Increase* Bone Density" But ONLY AlgaeCal Can Legally Make That Claim."

34. AlgaeCal's claim that its algae-based calcium product is the only product on the market which can claim to "increase" bone density is unsubstantiated and patently false.

35. AlgaeCal's third subheading on the oceanessence.com domain claimed that Ocean Essence "Offers an Unbelievable Guarantee . . . with no Terms or Details outlined."

36. Under its third subheading, AlgaeCal goes on to allege that Ocean Essence "stole" AlgaeCal's claim of increasing bone density, although AlgaeCal is one of numerous companies which have made such a claim.

37. AlgaeCal also alleges that Ocean Essence's 180-day guarantee was "cop[ied]" from AlgaeCal, without any substantiation, let alone any support for the claim that Ocean Essence's guarantee was invalid, at any point in time.

38. AlgaeCal's fourth subheading on the oceanessence.com domain is entitled, "Ocean Essence's Fake Customer Reviews," and goes on to allege that Ocean Essence purposefully posted fake and seemingly "unverified" reviews.

39. AlgaeCal never sought to confirm the veracity of its unsubstantiated presumptions with Ocean Essence. Instead, AlgaeCal posted these claims concerning Ocean Essence's reviews based merely on its own musings and conjecture.

40. AlgaeCal's fifth subheading on the oceanessence.com domain asserts that "Oceanessence Inc Created an 'independent' calcium supplement review website … recommending their product as the number one choice."

41.     Under the fifth subheading, AlgaeCal makes the false claim as to the propriety of the Wellness Product Guide.  Contrary to AlgaeCal's representations, however, the Wellness Product Guide is transparently operated as a sponsored advertorial platform, which is operated by Ocean Essence.  This information is readily available at the top of the Wellness Product Guide's opening page, where the words "Advertising Disclosure" appear and provide a conspicuous link to further information concerning the advertorial nature of the guide.

42.     The Wellness Product Guide website specifically includes the following representations:  (1) the content is sponsored;  (2) the rankings are based on Wellnessproductguide.com's independent evaluation criteria; (3) individual results may vary; and (4) the statements have not been evaluated by the FDA.  These disclosures are prominently displayed and consistently maintained across the platform to ensure full transparency for all consumers.

43.     The comparative content on the Wellness Product Guide follows standard industry practices for sponsored advertorial content.  Ocean Essence makes no attempt to disguise the commercial nature of the platform.

44.     The evaluation criteria utilized for the comparative content on the Wellness Product Guide are based on publicly available information and standardized assessment metrics.

45.     AlgaeCal concludes its smear campaign with an advisory to purchasers of Ocean Essence products, which instructs consumers to "[r]eturn your product to Ocean Essence asking for a refund per their instructions," and offers a link to follow in order to request a refund.

46.     AlgaeCal's use of the oceanessence.com domain to launch a smear campaign against Ocean Essence is a transparent attack on Ocean Essence's business aimed at wiping out the competition.

47.     On information and belief, AlgaeCal appreciated that its mischaracterization of Ocean Essence's product and disparaging remarks on the oceanessence.com website was a targeted attack which misled consumers and reflected poorly on AlgaeCal's business standards and motivations.  Therefore, on information and belief, in anticipation of filing this lawsuit, AlgaeCal quietly removed the content on the oceanessence.com website, after purchasing the domain and posting defamatory content about Ocean Essence for months.

48.     AlgaeCal's attack on Ocean Essence's ethics, lawfulness, and truthfulness was willfully false and defamatory.  By embarking on its smear campaign utilizing the oceanessence.com domain, AlgaeCal attempted to tar Ocean Essence as lawbreaking, unethical, and untrustworthy in the minds of its actual and potential customers and thereby wrongfully usurp Ocean Essence's business.

**Undisclosed Payments to Endorsers of AlgaeCal's Products**

49.     On its website, AlgaeCal includes numerous testimonials from individuals who claim to have purchased and used AlgaeCal's algae-based calcium supplement.

50.     These testimonials include videos in which the individuals endorse AlgaeCal's algae-based calcium supplement.

51.     Certain of these testimonials are also promoted on social media, including on Facebook, where they are accompanied by a "Sponsored" disclosure.

52.     On information and belief, in consideration for their reviews of AlgaeCal's algae-based calcium supplement, one or more of the individuals who have provided testimonials have been compensated for such testimonials.

53.     On information and belief, the compensation provided by AlgaeCal to such individuals has included free product(s), discounts for products, and/or cash compensation.

54.     AlgaeCal has not disclosed any consideration provided in exchange for any testimonial provided by the consumers identified on AlgaeCal's website.

55.     By failing to disclose that consideration has been provided in exchange for the testimonials on its website, AlgaeCal has:

> i.      Misled consumers as to the veracity of the claims and testimonials on its website; and
>
> ii.     Misrepresented that such consumers are unbiased purchasers of AlgaeCal's algae-based calcium supplement.

**AlgaeCal's Deceptive Claims Regarding Increased Bone Density**

56.     In questioning the merits of Ocean Essense's claims concerning the health benefits of its calcium supplements, AlgaeCal blatantly ignores the impropriety of its own product claims.

57.     On its website, AlgaeCal boasts that "[o]nly AlgaeCal is clinically supported to stop bone loss and increase bone density."

58.     For years, the Federal Trade Commission ("FTC") has supported the finding that calcium supplements generally produce a measurable increase in bone density.

59.     The FTC looks with disfavor upon any claims that a particular product is the "only" calcium supplement to do so, as such claims are patently false and inherently deceptive.  Indeed, the FTC previously pursued and obtained a contempt order against the manufacturer of Advacal, a calcium supplement touted as being able to do "what no other calcium supplement does: actually increase bone density in women."  *See FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 583 (3d Cir. 2010).  According to the FTC, these claims of uniqueness were unsupported by competent and reliable scientific research since, according to its expert, nearly all calcium supplements "produce a measurable increase in bone density."  *Id.*

60. Not only does AlgaeCal falsely claim to produce the only calcium supplement that is clinically supported to increase bone density, but it also falsely claims to have clinical studies showing that its product is associated with increased bone density in the range of 1-4%.

61. Instead, two of the studies cited on its website in support of this claim tracked bone density changes with respect to clinical study subjects who followed a three-part bone-health plan, which included exercise and health literacy alongside use of an AlgaeCal product. When the exercise and health literacy components were removed from the study methodology, the subjects' bone density increases on an annualized basis were only 1.3% (*see* Plan 1 in "A Comparative Effectiveness Study of Bone Density Changes in Women Over 40") and 1.04% (*see* "A 7-Year Longitudinal Trial").

62. Further, AlgaeCal misrepresents the number of study participants in two of the studies cited on its website.

63. For instance, in "Bone Study 1," AlgaeCal represents on its website that the study included 216 participants.



However, the study provides that only 176 participants (125 in the first group and 51 in the second group) completed the study. (*See* Michalek, et al., Changes in total body bone mineral density following a common bone health plan with two versions of a unique bone health supplement: a comparative effectiveness research study, *Nutrition Journal*, (2011), at p. 3 (available on AlgaeCal's website at https://www.algaecal.com/research/clinical-studies/)).

64.     Likewise, AlgaeCal falsely represents that there were 414 participants in "Bone Study 2."



In fact, there were in fact only 211 subjects who actually completed the study. (*See* Kaats, et al., A Comparative Effectiveness Study of Bone Density Changes in Women Over 40 Following Three Bone Health Plans Containing Variations of the Same Novel Plant-sourced Calcium, *International Journal of Medical Sciences* (2011), at p. 180 (available on AlgaeCal's website at https://www.algaecal.com/research/clinical-studies/)).

65.     Even if the studies AlgaeCal relies upon, and cites for public consumption on its website, were accurately described and reliable—none involve randomized controlled trials—they

fail to support any claim that AlgaeCal product, used in isolation, is associated with bone density increases over a mere 1.3% per year.

66.     To add to the deception that AlgaeCal has curated for all potential consumers who visit its website or view its advertising campaigns on social media, AlgaeCal includes scores of customer testimonials on its website and social media accounts, including but not limited to Facebook, in which customers claim bone density increases well over 1.3%.

67.     Indeed, as of March 2025, AlgaeCal ran an advertisement on Facebook in which a customer claimed that she had a *25% increase* in overall bone density in a year.



68.     Advertisements such as the one described above are not outliers. AlgaeCal has run similar advertisements and testimonials across its varied platforms touting results consistently and excessively higher than the modest gains referenced in the studies it cites on its website.

69.     Not only does AlgaeCal deceive the public as to the verifiable benefits of its products, but as described above, upon information and belief, in many of these advertisements

and testimonials, AlgaeCal fails to disclose that the endorsers were compensated for their endorsement.

**AlgaeCal's Deceptive Claims Regarding Strontium Boost**

70.     Aware that claims of significant bone density increases are likely to be material to its existing and potential customers, AlgaeCal amplifies such messaging through advertisements for its Strontium Boost product.

71.     Strontium Boost is a supplement sold by AlgaeCal that contains 680 mg. of strontium per serving—an amount which is 170 to 340 times the naturally-occurring strontium levels in the human diet.

72.     AlgaeCal claims on its website that Strontium Boost can triple a user's bone density increases:



73.     In fact, strontium has been shown to *artificially* increase measurements of bone mineral density.  Specifically, strontium has an atomic weight almost twice that of calcium (38 vs. 20), which causes it to attenuate X-rays more strongly than calcium.  Hence the readings on a DXA scan appear artificially inflated, with bone density appearing significantly greater than it actually is. Studies have shown that for every 1% of strontium incorporated into bone crystal, BMD is

overestimated by 10%. *See, e.g.*, Blake, G. and Fogelman I., Effect of bone strontium on BMD measurements, *Journal of Clinical Densitometry* (2007), pubmed.ncbi.nih.gov/17289524/. *See also* Mirza, F. Azim, S. and Bhargava, A., Change in Bone Mineral Density with Strontium Citrate: An Illusion or Reality, *Journal of Nutritional Health & Food Science* (2016), https://symbiosisonlinepublishing.com/nutritionalhealth-foodscience/nutritionalhealth-foodscience67.php.

74.     According to another study published in 2021, ingestion of strontium can lead to a false elevation in DXA scans, "making disease monitoring for osteoporosis difficult and misleading." *See* Dharia, T. and Christensen, K., Strontium: Not All It's Cracked Up To Be, *Journal of Hospital Medicine*, 2021, https://shmabstracts.org/abstract/strontium-not-all-its-cracked-up-to-be/.

75.     Thus, AlgaeCal's claim that Strontium Boost can "triple your bone density increases" is false and deceptive.

76.     Worse still, studies have associated strontium citrate (the form of strontium included in Strontium Boost) with gastrointestinal disturbances, memory loss, an increased risk of developing venous thromboembolism, and allergic skin reactions such Stevens-Johnson Syndrome. *See* Mirza, F. Azim, S. and Bhargava, A., Change in Bone Mineral Density with Strontium Citrate: An Illusion or Reality, *Journal of Nutritional Health & Food Science* (2016), https://symbiosisonlinepublishing.com/nutritionalhealth-foodscience/nutritionalhealth-foodscience67.php.

77.     On information and belief, AlgaeCal is preying on customers desperate for increased bone density by selling them a product that only fakes bone density increases and, in the process, subjects those customers to unjustifiable health risk.

44

**Injury to Ocean Essence and the Public**

78.     The smear campaign was distributed widely via the Internet, as it was directly accessible online to any consumer who searched the terms "ocean essence" on Google search. Likewise, AlgaeCal's deceptive health claims and misleading testimonials were accessible to any potential consumer who visited AlgaeCal's website. Each customer or prospective customer represents a prospective revenue stream in the thousands to tens of thousands of dollars over the course of their lifetime.

79.     AlgaeCal's false and deceptive statements have misled a significant portion of the relevant purchasing public to believe that AlgaeCal's algae-based calcium supplement has qualities or capabilities that it lacks; that Ocean Essence's algae-based calcium supplement lacks qualities or capabilities that it has; and /or that AlgaeCal's algae-based calcium supplement is superior to Ocean Essence's algae-based calcium supplement when it is not.

80.     As a direct result of this deception, AlgaeCal has diverted, and is currently diverting, sales to itself that would otherwise have gone to Ocean Essence, resulting in pecuniary loss to Ocean Essence and unjust enrichment to AlgaeCal. Furthermore, as a result of this deception, as well as AlgaeCal's defamatory online campaign, Ocean Essence has suffered, and is suffering, irreparable loss of goodwill associated with its business, its brand, and its products.

### COUNT I
*Violation of Section 43(a) of the Lanham Act*
*(15 U.S.C. § 1125(a))*

81.     Ocean Essence repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

82.     In connection with the products of both Ocean Essence and AlgaeCal, which are offered in interstate commerce, AlgaeCal has made material false and misleading descriptions or

representations of fact, as set forth above. These statements misrepresent the nature, characteristics, and qualities of the two companies' respective products.

83.     In connection with the products of both Ocean Essence and AlgaeCal, which are offered in interstate commerce, AlgaeCal has deceptively held out its representations concerning Ocean Essence's products on oceanessence.com, a domain purchased and used by AlgaeCal, with the intent to mislead consumers as to the nature, characteristics, and qualities of Ocean Essence's products. This deception has caused consumers call into question the quality of Ocean Essence's products.

84.     AlgaeCal has also deceptively posted testimonials from purported consumers of AlgaeCal's products on its website without disclosing any consideration provided in exchange for such testimonials. This deception has caused consumers to regard the testimonials, which promote AlgaeCal's products and further AlgaeCal's false and misleading claims about its products, as more credible than they otherwise would have.

85.     AlgaeCal's statements are literally false, expressly and/or by necessary implication. In the alternative, AlgaeCal's statements have actually deceived, or have the tendency to deceive, a substantial portion of the intended audience about matters that are material to purchasing decisions.

86.     AlgaeCal's false and misleading statements were made in commercial advertising in interstate commerce, and therefore violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

87.     AlgaeCal made these false and misleading statements knowingly and willfully. In the alternative, AlgaeCal made these false and misleading statements with willful blindness and/or reckless disregard as to their truth or falsity.

46

88.     Ocean Essence has suffered, and will continue to suffer, loss of business and customers and irreparable harm to its goodwill as a result of AlgaeCal's wrongful acts.  In addition, AlgaeCal's wrongful acts resulted in AlgaeCal's unjust enrichment at Ocean Essence's expense.

## COUNT II
### *Violation of the Illinois Uniform Deceptive Trade Practices Act*
### *(815 Ill. Comp. Stat. § 510/2)*

89.     Ocean Essence repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

90.     AlgaeCal has made false or misleading statements that misrepresent the characteristics or qualities of AlgaeCal and Ocean Essence's competing products, misleadingly described Ocean Essence's advertising materials as false and deceptive, misled the public as to the nature of AlgaeCal's online testimonials concerning its products by failing to disclose any consideration provided in exchange for such testimonials, and made false and defamatory statements about Ocean Essence's character as a business.

91.     AlgaeCal's misrepresentations are deceptive because, among other things, they are likely to deceive (and have deceived) a significant cross-section of reasonable consumers in the relevant market.

92.     AlgaeCal's conduct is also deceptive because it constitutes disparagement and defamation, as further alleged in Ocean Essence's Fourth and Fifth Claims for Relief, below.

93.     AlgaeCal's deception is material, since its misrepresentations and defamatory statements have directly resulted in harm to Ocean Essence's reputation and goodwill, harm to its relationships with existing and prospective customers, loss of actual customers and prospective customers, lost business opportunities, lost revenue and profit.

94. AlgaeCal's conduct constitutes willful and deliberate use in commerce of false and misleading statements which have harmed and will continue to harm Ocean Essence through diversion of sales and loss of goodwill as to Ocean Essence's products and business.

95. As a direct and proximate result of the deceptive conduct of AlgaeCal, Ocean Essence has sustained and continues to sustain irreparable harm, including but not limited to loss of income, profits, and goodwill. As a direct and proximate result of this same deceptive conduct, AlgaeCal has been unjustly enriched at Ocean Essence's expense.

96. AlgaeCal's actions have irreparably damaged Ocean Essence. Ocean Essence has no adequate remedy at law and, thus, unless enjoined, AlgaeCal will continue making false or misleading statements, which will continue to cause harm to Ocean Essence and the public.

## COUNT III
### *Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act*
### *(815 Ill. Comp. Stat. § 505/2)*

97. Ocean Essence repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

98. AlgaeCal has used and/or employed deception, fraud, false pretense, false promise, misrepresentation, and/or the concealment, suppression, and/or omission of material facts with the intention that consumers rely on such concealment, suppression, and/or omission of such material facts in the conduct of trade and/or commerce.

99. AlgaeCal's conduct directly implicates consumer protection concerns, as it has deceived consumers, through its online smear campaign, into believing that Ocean Essence has misled consumers about the source and benefits of its products, and has further deceived consumers through testimonials on its website for which it has not disclosed any consideration such alleged purchasers received, upon information and belief, in exchange for providing endorsements of AlgaeCal's products.

100.     AlgaeCal's actions constitute willful and deliberate use of false and misleading advertising campaigns that have harmed and will continue to harm Ocean Essence through diversion of sales and the loss of goodwill of Ocean Essence's products.  As a direct and proximate result of the false advertising and deceptive conduct of AlgaeCal, Ocean Essence has sustained and continues to sustain irreparable harm, including but not limited to loss of income, profits, and goodwill.  As a direct and proximate result of this same deceptive conduct, AlgaeCal has been unjustly enriched at Ocean Essence's expense.

101.     AlgaeCal's actions have irreparably damaged Ocean Essence.  Ocean Essence has no adequate remedy at law and, thus, unless enjoined, AlgaeCal will continue making false or misleading statements, which will continue to cause harm to Ocean Essence and the public.

<u>**COUNT IV**</u>
***Commercial Disparagement***

102.     Ocean Essence repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

103.     AlgaeCal published false statements to third persons and the public, as described above.

104.     AlgaeCal's false statements included statements falsely representing the features and qualities of Ocean Essence's products and made false and misleading comparisons between AlgaeCal's and Ocean Essence's products.

105.     AlgaeCal intended for the publication of these false statements to demean the quality of Ocean Essence's products and result in pecuniary harm to Ocean Essence.  Alternatively, AlgaeCal recognized or should have recognized that publication of these false statements was likely to result in pecuniary harm to Ocean Essence.

106. AlgaeCal knew that its published statements were false when made. In the alternative, AlgaeCal acted in reckless disregard of the truth or falsity of the statements.

107. These false statements have resulted in special damages to Ocean Essence in the form of pecuniary loss. Ocean Essence is likely to suffer, has suffered, and will continue to suffer such harm as a result of AlgaeCal's wrongful acts.

## COUNT V
### *Defamation Per Se*

108. Ocean Essence repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

109. As detailed above, AlgaeCal has published false and defamatory statements to third parties identifying Ocean Essence, which are harmful to Ocean Essence's commercial and reputational interests and reflect discredit upon the method by which Ocean Essence conducts its business.

110. AlgaeCal intended for the publication of these false and defamatory statements to result in reputational harm to Ocean Essence, including contempt, hatred, scorn, or ridicule or otherwise for the false and defamatory statements to tend to impair Ocean Essence's standing in the community. Alternatively, AlgaeCal recognized or should have recognized that the publication of these false and defamatory statements was likely to result in reputational harm to Ocean Essence.

111. AlgaeCal knew that its published statements were false and defamatory, or in the alternative, acted in reckless disregard of the truth or falsity of the statements. AlgaeCal therefore acted with actual malice by publishing these false and defamatory statements.

112. As a result of AlgaeCal's defamatory statements, Ocean Essence has suffered and will continue to suffer pecuniary damages and irreparable harms, including permanent loss of

customers, business opportunities, and goodwill. Ocean Essence has suffered damage to its reputation for conducting its affairs honestly and competently, has been prejudiced in the operation of its business, and potential customers have been deferred from purchasing Ocean Essence's products. AlgaeCal's false statements, moreover, are defamatory *per se* because they accuse Ocean Essence of willfully lying and violating the law, impugn Ocean Essence's ethics, and prejudice Ocean Essence's business or profession.

WHEREFORE, Ocean Essence demands judgment against AlgaeCal and requests relief as follows:

A.     Judgement in Ocean Essence's favor on each Count in the Counterclaim.

B.     Orders preliminarily and permanently enjoining AlgaeCal, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with it, from engaging in any further smear campaign such as that posted to oceanessence.com, or any other advertisements or publications substantially similar thereto;

C.     An order directing an accounting of all gains, profits, savings, and advantages realized by AlgaeCal from its aforesaid acts of false and misleading advertising, disparagement, and other violations of law as detailed above;

D.     An award of Ocean Essence's damages attributable to AlgaeCal's false and misleading advertising, disparagement, and other violations of law as detailed above;

E.     An award to Ocean Essence of all profits earned by AlgaeCal attributable to its false and misleading advertising, disparagement, and other violations of law as detailed above;

F.     A declaration that this is an "exceptional case" due to the willful nature of AlgaeCal's disparagement of Ocean Essence's products and business, and awarding enhanced damages and attorneys' fees to Ocean Essence pursuant to 15 U.S.C. § 1117, and an award of

punitive damages and attorneys' fees to the full extent allowable under state statutory and common law;

G.      An order pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a) requiring AlgaeCal to serve upon Ocean Essence, within thirty (30) days after service on AlgaeCal of an injunction or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which AlgaeCal has complied with the injunction;

H.      An award of prejudgment and post-judgment interest on any monetary award in this action;

I.      An award of the costs and disbursements of this action; and

J.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Ocean Essence demands a jury trial on all claims so triable.


Dated: March 10, 2025                          Respectfully submitted,

                                               POLSINELLI PC

                                               */s/ Caitlin Martini Mika*
                                               Caitlin Martini Mika
                                               150 N. Riverside Plaza, Suite 3000
                                               Chicago, IL 60606
                                               Tel.: (312) 873-3619
                                               Fax: (312) 819-1910
                                               cmika@polsinelli.com

                                               K. Neil Austin
                                               One International Place, Suite 3900
                                               Boston, MA 02110
                                               Tel.: (617) 406-0353
                                               Fax: (617) 649-8776
                                               naustin@polsinelli.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that, on March 10, 2025, Ocean Essence Nutrition Inc.'s Answer, Affirmative Defenses, and Counterclaim were filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court.

*/s/ Caitlin Martini Mika*
Caitlin Martini Mika