IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALGAECAL INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:25-cv-346 |
| | ) |
| OCEANESSENCE NUTRITION INC. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF ALGAECAL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PORTIONS OF OCEAN ESSENCE'S COUNTERCLAIMS I THROUGH III AND MOTION TO STRIKE UNCLEAN HANDS AFFIRMATIVE DEFENSE**

Plaintiff and Counter-Defendant AlgaeCal Inc. ("Plaintiff" or "AlgaeCal") respectfully submits this Memorandum of Law in support of its Motion to Dismiss portions of Defendant's Counterclaims, Claims I through III, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Defendant's Unclean Hands affirmative defense pursuant to Federal Rule of Civil Procedure 12(f).

**INTRODUCTION**

Defendant and Counterclaim Plaintiff OceanEssence Nutrition Inc. ("Defendant" or "Ocean Essence") alleges through its Counterclaims that Plaintiff AlgaeCal engaged in four general categories of unlawful behavior, namely, (1) allegations of defamatory conduct, (2), allegations related to alleged undisclosed payments made to individuals providing testimonials and allegations that certain consumer testimonials state atypical results, (3) allegations regarding lack of substantiation for its claims related to bone density and false representations regarding the number of participants in its clinical studies, and (4) allegations regarding false claims related to AlgaeCal's Strontium Boost product. Based on these allegations, Defendant asserts five Counts

1

against Plaintiff for (i) False Advertising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), (ii) Violation of the Illinois Uniform Deceptive Trade Practices Act (815 Ill. Comp. Stat. § 510/2) ("IUDTPA"), (iii) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 Ill. Comp. Stat. § 505/2) ("ICFA"), (iv) Commercial Disparagement, and (v) Defamation Per Se, each of these counts setting forth claims related to one or more of the aforementioned general categories. For the reasons set forth below, Defendant's allegations relating to alleged undisclosed payments and atypical testimonials, lack of substantiation, and false representations regarding the number of participants in Counts I, II, and III fail as a matter of law.

First, allegations made under the Lanham Act (Count I), the IUDTPA (Count II), and the ICFA (Count III) related to undisclosed payments and atypical consumer testimonials must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because there is no private right of action under the FTC Act, and its disclosure obligations do not apply to Lanham Act claims. It is clear that Ocean Essence is attempting to improperly assert a private cause of action under the FTC's Endorsement Guidelines through the Lanham Act and Illinois law. The Lanham Act requires an affirmative misrepresentation or an omission that renders an affirmative statement false or misleading—not a failure to disclose under the FTC's guidelines. Further, IUDTPA and ICFA claims are resolved according to the same standard as Lanham Act claims. Accordingly, to the extent Defendant's Lanham Act, IUDTPA, and ICFA Claims are based on the alleged undisclosed endorsement payments, they must be dismissed.

Second, allegations made under the Lanham Act (Count I), the IUDTPA (Count II), and ICFA (Count III) related to an alleged lack of substantiation for AlgaeCal's claims related to bone density must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Defendant Ocean Essence has failed to make any allegations showing that AlgaeCal's clinical support is false. Defendant's

2

allegations fail to meet the pleading threshold required for what is known as an "establishment claim." To show that an establishment claim is false, Ocean Essence must allege that the tests did not establish the proposition for which they were cited or other affirmative factual allegations supporting evidence of falsity. Defendant's allegations do not show that AlgaeCal's clinical tests are false or offer other affirmative evidence of falsity. Further, IUDTPA and ICFA claims are resolved according to the same standard as Lanham Act claims. Accordingly, to the extent Ocean Essence's Lanham Act, IUDTPA, and ICFA Claims are based on an alleged lack of substantiation for AlgaeCal's bone density claims, they must be dismissed.

Third, regarding its allegations of falsity relating to the number of participants in AlgaeCal's studies, Ocean Essence has not alleged any facts showing that AlgaeCal's statements are false or misleading. Accordingly, to the extent Ocean Essence's claims under the Lanham Act (Count I), IUDTPA (Count II), and ICFA (Count III) rely on these allegations, they must also be dismissed.

Fourth, Ocean Essence's Second Affirmative Defense alleging unclean hands should be stricken. The unclean hands doctrine applies only to bad faith relative to the matter in which Plaintiff seeks relief. Here, AlgaeCal has not – and indeed cannot – have acted in bad faith relative to Ocean Essence's false and misleading advertising of its own and others' products. Accordingly, the unclean hands affirmative defense should be stricken.

## STATEMENT OF ALLEGED FACTS

Plaintiff AlgaeCal sets forth the facts alleged in Ocean Essence's Counterclaim that are relevant to Counterclaims I through III and the unclean hands affirmative defense challenged herein. AlgaeCal admits these facts for the purposes of this motion only.

Ocean Essence and AlgaeCal are competing manufacturers of algae-based calcium supplements. Counterclaim ¶ 2. AlgaeCal uses customer testimonials as part of its marketing strategy. *Id.* ¶¶ 5, 49-51. Ocean Essence alleges "on information and belief" that many individuals who have provided testimonials have been compensated for their testimonials with free products, discounts, or cash. *Id.* ¶¶ 52-53. Ocean Essence further alleges that AlgaeCal "has not disclosed any consideration provided in exchange for any testimonial provided by the consumers identified on AlgaeCal's website." *Id.* ¶ 54. Ocean Essence asserts that "many of the customers featured on the [AlgaeCal] website were compensated for their endorsement, but AlgaeCal fails to disclose this, leaving consumers with the false impression that the endorsements are independent. That practice is in blatant violation of Federal Trade Commission guidance, which provides that failure to disclose such a 'material connection' is unfair and deceptive." *Id.* ¶ 5.

Similarly, Ocean Essence alleges AlgaeCal's testimonials describe bone density increases higher than the gains seen in AlgaeCal's clinical studies. *Id.* ¶ 6. Ocean Essence alleges that "The FTC's Endorsement Guidelines are clear that 'an endorsement may not convey any express or implied representation that would be deceptive if made directly by the advertiser.' Here, it would be deceptive for AlgaeCal to claim that its products can increase bone density by 25% in a single year because its own research shows increases of only 1% to 1.3% per year." *Id.* However, Ocean Essence does not make any allegations or provide any supporting facts that any of AlgaeCal's testimonials are false.

Further Ocean Essence alleges that on its website, AlgaeCal states that ""[o]nly AlgaeCal is clinically supported to stop bone loss and increase bone density." *Id.* ¶ 57. Ocean Essence alleges that the FTC disfavors "any claims that a particular product is the 'only' calcium supplement to do so, as such claims are patently false and inherently deceptive," citing to an unrelated case

4

prosecuted by the FTC against unrelated third parties for violations of a consent judgment, concerning different clinical tests and evidence than are at issue here, *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 583 (3d Cir. 2010). *Id.* ¶ 59.

Finally, Ocean Essence further alleges that AlgaeCal misrepresents the number of study participants in two of its cited clinical studies. *Id.* ¶ 62. In "Bone Study 1," AlgaeCal represents on its website that the study included 216 participants. *Id.* ¶ 63. Ocean Essence alleges that the study provides that only 176 participants (125 in the first group and 51 in the second group) completed the study. *Id.* Similarly, AlgaeCal represented that there were 414 participants in "Bone Study 2." *Id.* ¶ 64. Ocean Essence alleges that "there were in fact only 211 subjects who actually completed the study." *Id.*

## LEGAL STANDARD

"A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). Rule 8(a) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). The complaint's factual matter must, if accepted as true, state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Particularly concerning allegations of false and deceptive advertising, "[t]o adequately plead that the [a] representation is false, Plaintiff may not rely on the mere allegation of falsity, which is conclusory and thus not entitled to the assumption of truth. . . . Factual allegations to support that conclusory allegation are required." *Spector v. Mondelēz Int'l Inc.*, No. 15 C 4298, 2017 U.S. Dist. LEXIS

5

158140, at *2 (N.D. Ill. Sep. 27, 2017) (citing *Iqbal*, 556 U.S. at 679). "But it is not enough if those supportive factual allegations suggest 'the mere possibility' of falsity. . . Otherwise, 'a plaintiff with a largely groundless claim [would] be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value.'" *Id.* (citing *Twombly*, 550 U.S. at 557). "Instead, Plaintiff's factual allegations that purportedly support her claim of falsity must rise to the level of being plausible. The Court construes the alleged facts in favor of Plaintiff, but the plausibility requirement means that those facts, construed in Plaintiff's favor, must allow the Court to draw a reasonable, as opposed to a speculative, inference that Defendant's [] claim is false." *Id.* at *2-*3.

Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To survive a motion to strike, an affirmative defense must satisfy a three-part test: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9, and (3) the matter must withstand a Rule 12(b)(6) challenge." *TWD, LLC v. Grunt Style LLC*, No. 18 C 7695, 2019 U.S. Dist. LEXIS 183288, at *14 (N.D. Ill. Oct. 23, 2019) (citation and quotation marks omitted).

## ARGUMENT

I. **Ocean Essence's Allegations Of Alleged Undisclosed Compensation And Atypical Reviews Should Be Dismissed Because There Is No Private Right Of Action Under The FTC Act, And Its Disclosure Obligations Do Not Apply To Lanham Act Claims.**

There is no claim under the Lanham Act for alleged violation of the FTC Act. "Under the federal Lanham Act, which generally proscribes the false description of goods and their origins, the plaintiff must show that the defendant (1) made a false or misleading statement, (2) that actually deceives or is likely to deceive a substantial segment of the advertisement's audience, (3) on a subject material to the decision to purchase the goods, (4) touting goods entering interstate

6

commerce, (5) and that results in actual or probable injury to the plaintiff." *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999) (citations omitted). As part of its Lanham Act claim, Ocean Essence alleges that "AlgaeCal has [] deceptively posted testimonials from purported consumers of AlgaeCal's products on its website without disclosing any consideration provided in exchange for such testimonials." Countercl. ¶ 84. Similar allegations are made under Counts II (IUDTPA) and III (ICFA). *Id.* ¶¶ 90, 99. Ocean Essence asserts "[t]hat practice is in blatant violation of Federal Trade Commission guidance, which provides that failure to disclose such a 'material connection' is unfair and deceptive." *Id.* ¶ 5.

Similarly, Ocean Essence alleges that some of AlgaeCal's testimonials describe bone density increases higher than the gains seen AlgaeCal's clinical studies. *Id.* ¶ 6. Ocean Essence alleges that "The FTC's Endorsement Guidelines are clear that 'an endorsement may not convey any express or implied representation that would be deceptive if made directly by the advertiser.' Here, it would be deceptive for AlgaeCal to claim that its products can increase bone density by 25% in a single year because its own research shows increases of only 1% to 1.3% per year." *Id.*

Notably, Ocean Essence does not make any allegations or provide any supporting facts that the testimonials shown by AlgaeCal are false—because it cannot.

Federal courts have expressly found that there is no private right of action under the FTC Act. *See, e.g.*, *Lokai Holdings, LLC v. Twin Tiger USA, LLC*, 306 F. Supp. 3d 629, 639 (S.D.N.Y. 2018) ("To the extent that Twin Tiger brings a claim based on Lokai's failure to comply with FTC Guidelines, it is well settled that there is no private right of action under the FTC Act.") (collecting cases). Further, "[a]s courts have routinely held, the Lanham Act does not impose an affirmative duty of disclosure. . . Accordingly, [Counter-Defendant's] failure to disclose compensation to celebrities and influencers for promoting its products is not actionable under the Lanham Act." *Id.*

7

at 640 (collecting cases); *see also Weight Watchers Int'l, Inc. v. Noom, Inc.*, 403 F. Supp. 3d 361, 373 (S.D.N.Y. 2019) (Dismissing false advertising claim based on atypical consumer review, finding "The Lanham Act does not have such a disclosure requirement, and the subject of the FTC guidance does not otherwise overlap with the Lanham Act's prohibition against false advertising."); *LIQWD, Inc. v. L'Oréal USA, Inc.*, No. 17-14-JFB-SRF, 2019 U.S. Dist. LEXIS 233247, at *29 (D. Del. June 25, 2019) ("L'Oréal's next asserts that plaintiffs violated the Lanham Act by enlisting their employees and two celebrity spokespersons to promote Olaplex without disclosing their relationships with Olaplex. The Court agrees with plaintiffs that the law does not impose a duty to disclose this information"). Likewise, "Illinois courts have held that an omission is not actionable as fraud if it gives rise to 'an incomplete' as opposed to an affirmatively 'false impression.' *Spector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657, 672 (N.D. Ill. 2016) (citation omitted) (dismissing ICFA claim due to failure of Plaintiff to plausibly allege omission with intent to deceive consumers). Accordingly, Ocean Essence's attempt to impermissibly allege a private cause of action under the FTC's Endorsement Guidelines through the mechanism of the Lanham Act and Illinois law must fail. There is no affirmative duty for AlgaeCal to disclose compensated testimonials or atypical reviews under the Lanham Act.

Courts in this district treat false advertising claims under the Lanham Act, IUDTPA, and ICFA in the same manner. *Platinumtel Communs., Inc. v. Zefcom, LLC*, No. 08-CV-1062, 2008 U.S. Dist. LEXIS 104746, at *27 (N.D. Ill. Dec. 30, 2008) ("As Platinumtel's Lanham Act claim fails, so too do its ICFA and IUDTPA claims"); *Muzikowski v. Paramount Pictures Corp.*, No. 01 C 6721, 2005 U.S. Dist. LEXIS 13127, at *31 (N.D. Ill. June 10, 2005) (dismissing claims for false advertising in violation of the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act after evaluating all

three claims under the Lanham Act); *MJ & Partners Rest. Ltd. Pshp. v. Zadikoff*, 10 F. Supp. 2d 922, 929 (N.D. Ill. 1998) ("the legal inquiry is the same under the Lanham Act as under the Consumer Fraud Act and the Deceptive Trade Practices Act."). Accordingly, to the extent Ocean Essence's Counts I through III rely on allegations that AlgaeCal has failed to disclose consideration for consumer testimonials and failed to disclose that consumers' results are atypical, those claims must be dismissed.

II.   **Ocean Essence's Allegations Of An Alleged Lack Of Substantiation Should Be Dismissed Because Ocean Essence Has Failed To Plead Any Plausible Facts Showing AlgaeCal's Clinical Support Is False.**

AlgaeCal's claim that only AlgaeCal is clinically supported to stop bone loss and increase bone density is an establishment claim – in other words, AlgaeCal alleges that its claim is proven by clinical support. To meet its burden of pleading an establishment claim is false, a plaintiff must either plead facts showing that the advertisement at issue is false or show that the tests supporting the advertisement's proposition do not prove the proposition. *See BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1091 (7th Cir. 1994) (plaintiff must "offer affirmative proof that the advertisement is false," or, "[i]f the challenged advertisement makes implicit or explicit references to tests, the plaintiff may satisfy its burden by showing that those tests do not prove the proposition"); *see also Dyson, Inc. v. Sharkninja Operating LLC*, 259 F. Supp. 3d 816, 835 (N.D. Ill. 2017) ("The court cannot agree that a claim that 'tests prove x' could be literally false when the tests do, in fact, prove x. . .That Dyson conducted other tests that reached a different conclusion does not make Shark's statements about its tests false"); *C.B. Fleet Co., Inc. v. SmithKline Beecham Consumer Healthcare, LP*, 131 F.3d 430, 435 (4th Cir. 1997) ("When an advertising claim of favorable fact either expressly or impliedly asserts that the fact is test or study-validated, the fact of the validation becomes an integral and critical part of the claim. Such a claim may

therefore be proven literally false by showing only that the test asserted to validate it did not in fact do so"); *Johnson & Johnson Vision Care v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1248 (11th Cir. 2002) ("To prove an establishment claim literally false, the movant must 'prove that these tests did not establish the proposition for which they were cited'") (citation omitted). "A plaintiff can show that a study supporting an advertising claim is literally false by pointing to evidence demonstrating that '(1) the study cited does not establish what the advertisement says it does or (2) the cited study's methods or findings are not acceptable to the relevant scientific community.'" *Dyson, Inc. v. Euro-Pro Operating LLC*, No. 14 C 9442, 2015 U.S. Dist. LEXIS 29244, at *33 (N.D. Ill. Mar. 10, 2015) (citing *Riddell, Inc. v. Schutt Sports, Inc.*, 724 F. Supp. 2d 963, 973 (W.D. Wis. 2010)).

Ocean Essence alleges that on AlgaeCal's website, AlgaeCal states that "[o]nly AlgaeCal is clinically supported to stop bone loss and increase bone density." *Id.* ¶ 57. Ocean Essence alleges that the FTC disfavors "any claims that a particular product is the 'only' calcium supplement to do so, as such claims are patently false and inherently deceptive," citing to an unrelated case prosecuted by the FTC against unrelated third parties for violations of a consent judgment, concerning different clinical tests and evidence than are at issue here, *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 583 (3d Cir. 2010). *Id.* ¶ 59. Ocean Essence's citation to *Lane Labs*, dealing with unrelated third parties and different claims and evidence, does not plausibly or affirmatively show that *AlgaeCal's advertising* regarding its product is false, or that its clinical tests do not support its claim that AlgaeCal is clinically supported to stop bone loss and increase bone density.

Initially, the product at issue in *Lane Labs* is fundamentally different from the AlgaeCal product. *Lane Labs* concerned the AdvaCal product, which is a calcium formula from Japan that contains primarily calcium hydroxide derived from oyster shells. *Lane Labs*, 624 F.3d at 579.

10

AlgaeCal is a plant-sourced form of calcium made by milling whole, live-harvested sea algae found on the South American coastline. Accordingly, the products are not equivalent, and Ocean Essence's attempt to suggest an expert report on a different product provides support for the alleged falsity of *AlgaeCal's studies* is misguided.

Furthermore, Ocean Essence misreads the court's recounting of the opinion of the FTC's expert, Dr. Robert Heaney, in the *Lane Labs* case. *See* Dkt. 10-15, attached hereto as Exhibit A. As explained by Dr. Heaney,

> Whether *any* calcium source will increase bone mass density by a specific amount depends mainly on certain features of the study participants and on study details. Also, the word "increase" needs to be more precisely defined. For example, if a group of individuals, on average, is losing bone because of inadequate calcium intake, then the use of calcium supplements will slow or stop that loss. While not technically an "increase" as would be intended in common English usage, this is nevertheless an improvement. Also, in a parallel, two-group study, the supplemented group will end up with more bone than the unsupplemented. So if the data were plotted as a bar graph, the supplemented group's BMD value would be *above* the unsupplemented, and might thus seem to indicate an increase. However, a higher value relative to a contrasting treatment, while useful, is not the same thing as a true "increase" from baseline.

Ex. A, at ¶ 21b., PageID: 71. Accordingly, when the court in *Lane Labs* recounted Dr. Heaney's expert opinion, "indicating that most calcium supplements increase bone density," the "increase" noted was not the "increase" of common parlance, but rather indicating that all calcium supplements could "slow or stop" bone density loss. *Lane Labs-USA*, 624 F.3d at 583. In contrast, AlgaeCal's claim that ""[o]nly AlgaeCal is clinically supported to stop bone loss and increase bone density" is a true claim of increasing bone density from baseline as the word "increase" is commonly understood.

The inapplicability of *Lane Labs* is especially apparent considering that the Southern District of Florida expressly found AlgaeCal's studies to be "competent and reliable" support for comparative claims regarding Garden of Life (GOL) products (which included AlgaeCal as an

11

ingredient). *See FTC v. Garden of Life, Inc.*, 845 F. Supp. 2d 1328, 1337 (S.D. Fla. 2012) ("GOL obtained competent and reliable evidence supporting its representations concerning the results and validity of the AlgaeCal clinical studies") (affirmed in part and vacated in part by *FTC v. Garden of Life, Inc.*, 516 F. App'x 852, 854 (11th Cir. 2013)). Ocean Essence has asserted no factual allegations that AlgaeCal's clinical studies do not support its claim – no conflicting studies, no evidence of falsity, and no other plausible facts are alleged. Accordingly, Ocean Essence's claims related to AlgaeCal's advertising claim that only AlgaeCal is clinically supported to stop bone loss and increase bone density should be dismissed for failure to state a claim.

**III.     Ocean Essence's Allegations Relating To The Number Of Participants In AlgaeCal's Studies Should Be Dismissed Because Ocean Essence Has Not Alleged Any Facts Showing AlgaeCal's Statements Are False Or Misleading.**

As previously discussed, "Under the federal Lanham Act . . . the plaintiff must show that the defendant (1) made a false or misleading statement, (2) that actually deceives or is likely to deceive a substantial segment of the advertisement's audience, (3) on a subject material to the decision to purchase the goods, (4) touting goods entering interstate commerce, (5) and that results in actual or probable injury to the plaintiff." *B. Sanfield*, 168 F.3d at 971 (citations omitted). In its Counterclaim, Ocean Essence has not plausibly alleged that AlgaeCal's statements regarding the number of study participants in two clinical studies is false or misleading.

Ocean Essence alleges that AlgaeCal misrepresents the number of study participants in two of its cited clinical studies. *Id.* ¶ 62. In "Bone Study 1," AlgaeCal represents on its website that the study included 216 participants. *Id.* ¶ 63. Ocean Essence alleges that the study provides that only 176 participants (125 in the first group and 51 in the second group) completed the study. *Id.* However, AlgaeCal never states or defines "participants" as meaning "those that completed the

12

study." AlgaeCal truthfully and accurately stated that the study had 216 participants. *See* Bone Study 1 attached hereto as Exhibit B.

Similarly, AlgaeCal represented that there were 414 participants in "Bone Study 2." *Id.* ¶ 64. Ocean Essence alleges that "there were in fact only 211 subjects who actually completed the study." *Id.* Again, AlgaeCal truthfully and accurately stated that the study had 414 participants, not that 414 subjects completed the study. Accordingly, Ocean Essence has not shown that AlgaeCal has made any claim that is false or misleading. *See* Bone Study 2 attached hereto as Exhibit C.

Furthermore, Ocean Essence makes no allegations whatsoever regarding whether consumers were actually deceived or likely to be deceived by the "participant" advertising, whether the subject is material to consumer purchasing decisions, or that Ocean Essence was injured by the advertising. *See Emerging Material Techs., Inc. v. Rubicon Tech., Inc.*, No. 09 C 3903, 2009 U.S. Dist. LEXIS 117241, at *10 (N.D. Ill. Dec. 14, 2009) (Dismissing Lanham Act and IUDTPA claims, holding "Plaintiffs make no allegation that any consumer has actually relied on Rubicon's allegedly false statements in a way that injured plaintiffs. Absent such an allegation, they have not stated a Lanham Act claim"). Accordingly, Ocean Essence has further failed to plead a prima facie case of false advertising based on these allegations, and its related claims in Counts I through III should be dismissed. *AAVN, Inc. v. Westpoint Home, Inc.*, No. 17-CV-8329, 2019 U.S. Dist. LEXIS 40750, at *9 (N.D. Ill. Mar. 13, 2019) (claims for false advertising under the IUDTPA and ICFA rise or fall with claim under the Lanham Act).

**IV.** **Ocean Essence's Second Affirmative Defense of Unclean Hands Should be Stricken Because Ocean Essence Has not Alleged Bad Faith with Respect to Plaintiff's Own Claims.**

"[T]he unclean hands doctrine applies only 'to one tainted with inequitableness or bad faith *relative to the matter in which he seeks relief*.'" *Redbox Automated Retail, LLC v. Xpress Retail*

13

*LLC*, No. 17 C 5596, 2018 U.S. Dist. LEXIS 26281, at *13 (N.D. Ill. Feb. 20, 2018) (emphasis in original) (citations omitted). "For the purposes of an unclean hands defense, a plaintiff's misdeed is considered unrelated to the litigation's subject matter 'when the right for which the plaintiff seeks protection in the injunction suit did not accrue to him because of the misdeed." *Id.* "[T]he unclean hands defense is disfavored where a plaintiff seeks to enforce laws, such as a false advertising prohibition, that protect the public . . . And the defense is particularly disfavored where the defendant could challenge the plaintiff's conduct through a counterclaim or separate suit." *Id.* at *13-*14.

Here, Ocean Essence's Second Affirmative Defense of unclean hands simply repeats and realleges its Counterclaims related to AlgaeCal, which are entirely different "transactions" and unrelated to AlgaeCal's claims against Ocean Essence. *See Vital Proteins, LLC v. Ancient Brands, LLC*, No. 1:22-cv-02265, 2023 U.S. Dist. LEXIS 155177, at *12 (N.D. Ill. Sep. 1, 2023) ("Conversely, the unclean hands doctrine has no application to Ancient Nutrition's counterclaims, which concern a 'different transaction' from Vital's claims: namely, that Vital allegedly engaged in false advertising and unfair competition with respect to its *own* products"). No action or inaction by AlgaeCal caused or brought about Ocean Essence's false and misleading advertising of its own and AlgaeCal's products. *See Redbox Automated Retail*, 2018 U.S. Dist. LEXIS 26281 at *15-16 ("DVDXpress's allegedly false advertising was completely independent of Redbox's. Redbox's alleged misrepresentations about the dates that certain DVDs became available at its kiosks did not force DVDXpress to respond by (allegedly) falsely advertising that its own kiosks have many DVDs twenty-eight days before Redbox's kiosks do."). Accordingly, Ocean Essence may not maintain an affirmative defense of unclean hands, and it should be stricken.

**CONCLUSION**

Accordingly, AlgaeCal respectfully requests that the Court issue an Order dismissing Counts I through III as they are related to the above allegations pursuant to Fed. R. Civ. P. 12(b)(6) and striking the Second Affirmative Defense pursuant to Fed. R. Civ. P. 12(f) and grant any further and additional relief the Court deems just and equitable.

Dated: April 14, 2025

By: *s/Manon Burns*
George R. Spatz
Manon Burns
AMIN WASSERMAN GURNANI, LLP
230 W. Monroe Street
Suite 1405
Chicago, IL 60606
T: (312) 466-1033
F: (312) 884-7352
gspatz@awglaw.com
mburns@awglaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

This is to certify that on April 14, 2025, I served the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel of record.

*/s/ Manon Burns*
Manon Burns
*Counsel for Plaintiff*
